**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiff

DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Telephone: (415) 554-4256 [Bearman]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org
E-Mail: kate.bearman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, | Case No. 23-cv-02402 SK (PHK)<br><br>**PARTIES' JOINT PRETRIAL STATEMENT**<br><br>Trial Date: November 17, 2026 |

IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,

Defendants.

The parties, Plaintiff Anthony Castel Navarro ("Plaintiff") and Defendants City and County of San Francisco and Officer Jeffrey Lubey ("Defendants"), hereby submit this Joint Proposed Final Pretrial Statement pursuant to the Court's Order. (ECF No. 73.)

## I. Brief Description of the Substance of Claims and Defenses Which Remain to Be Decided.

### A. Plaintiff's Position

Plaintiff contends that he was celebrating a Golden State Warriors Championship in June of 2022. He walked up jubilantly to SFPD Ofc. Horton to shake his hand. Ofc. Horton brushed him off. Plaintiff went to walk away and Ofc. Lubey put him in a chokehold from behind, swung him around and slammed him face first into the concrete. Ofc. Lubey then proceeded to yank Plaintiff only up by the handcuffs even though he had not resisted at all. Ofc. Lubey continued to berate and use painful restraint methods on Plaintiff well after the arrest for the purpose of retaliation.

Plaintiff brings excessive force claims under the Fourth Amendment and correspondent state law (battery, negligence & Bane Act) against Defendant Lubey. He also brings a First Amendment retaliation claim against Defendant Lubey. Plaintiff contends Defendant CCSF is vicariously liable for their employee's misconduct under Cal. Gov. Code Section 815.2.

### B. Defendant's Position

This Court issued a ruling on the Defendants' motion for summary judgment on November 12, 2024. (ECF No. 59.) Under the order, the remaining claims at issue are: (1) excessive force (claim 1); (2) negligence (claim 4); (3) battery (claim 5); (4) retaliation (claim 2); (5) Bane Act (claim 6).

Additionally, remaining to be tried are the defenses of legitimate law enforcement need (First Amendment claim), qualified immunity (Fourth and First Amendment claims), and contributory negligence (negligence claim).

**II. Statement of All Relief Sought**

Plaintiff seeks noneconomic damages for past and future emotional distress, past and future pain & suffering for physical injuries. He asserts nominal damages, punitive damages and reasonable attorney fees and costs.

Defendants seek dismissal of the case, entry of judgment in their favor, with an award of costs and attorney's fees.

**III. Undisputed/Stipulated Facts**

- This case arises from an interaction between police and Plaintiff Anthony Castel Navarro on the night of June 16, 2022, the night the Golden State Warriors won the NBA Championship game.

**IV. List of All Factual Issues Which Remain to Be Decided**

- Whether Defendant Lubey used excessive force;
  - Whether Officer Lubey perceived that Plaintiff posed an imminent threat to the officers or others;
  - Whether Plaintiff shoved Officer Lubey;
  - Whether Defendant Lubey reasonably perceived the need to use some force to detain and handcuff Plaintiff on June 16, 2022;
- Whether Officer Lubey retaliated against Plaintiff during the escort on June 16, 2022:
  - Whether Defendant Lubey's escort of Plaintiff was motivated by Plaintiff's protected activity;
  - Whether Defendant Lubey's escort lacked legitimate law enforcement purposes.
  - Whether Officer Lubey would have used the same escort method regardless of any alleged protected speech/conduct by Plaintiff.

- Whether Officer Lubey was negligent in using force to detain Plaintiff;
- Whether Officer Lubey committed a battery against Plaintiff in detaining him;
- Whether Officer Lubey interfered with Plaintiff's right to remain free of excessive force by threat, intimidation, or coercion;
- Whether Defendant Lubey's actions caused Plaintiff injury;
- Whether Plaintiff was contributorily negligent, and whether this contributory negligence led in part or in whole to his injuries.

## V. Disputed Points of Law Concerning Liability/Relief

### A. Plaintiff's Position

1. Whether Defendant Lubey used excessive under the Fourth Amendment
2. Whether Defendant Lubey retaliated against Plaintiff because of his protected speech under the First Amendment.
3. Where Defendant Lubey violated the Bane Act
4. Whether Defendant Lubey battered Plaintiff
5. Whether Defendant Lubey was negligent

### B. Defendant's Position

Whether Defendants are entitled to qualified immunity from Plaintiff's Fourth Amendment excessive force claim.

Whether Defendants are entitled to qualified immunity on Plaintiff's First Amendment claim.

## VI. Motions or Other Matters to Be Resolved Before Trial

### A. Plaintiff's Position

Plaintiff filed one motion in limine.

### B. Defendant's Position

Defendants request that the Court submit special interrogatories to the jury, to be answered if the jury finds for Plaintiff on his two remaining constitutional claims.

## VII. Whether Bifurcation or Separate Trial of Specific Issues Is Feasible/Desirable

Defendants filed a motion in limine, requesting that the Court bifurcate liability and punitive damages phase. During the parties' pretrial meet-and-confer, Plaintiff's counsel did not oppose the request.

## VIII. Estimated Number of Hours Needed for Party's Presentation of Case

A. Plaintiff's Position

Plaintiff can present his case in 9 hours.

B. Defendant's Position

The Court has scheduled this case for 5 days of trial. Accordingly, Defendants intend to utilize half, or approximately 20 hours, to put on their case (excepting jury selection).

## IX. Status of Settlement Negotiations

The parties have participated in multiple settlement conferences, including after the Ninth Circuit's decision on appeal. The parties do not anticipate that any further negotiations are likely to be productive.

Dated: October 1, 2026

Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: *<u>/s/ Patrick Buelna</u>*
PATRICK BUELNA
Attorney for Plaintiff

Dated: October 1, 2026

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
KATHERINE B. BEARMAN
LISA E. GIARRATANO
Deputy City Attorneys

By: /s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY