POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MARLON L. MONROE, ESQ., SBN 251897**
**MATTHEW T. NORMAN, ESQ., SBN 351413**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: MMonroe@LawyersFTP.com
Email: MNorman@LawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, individually;<br><br>Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No.: 3:23-cv-02402-SK<br><br>**PLAINTIFF'S MOTION *IN LIMINE*, NO. 1 TO EXCLUDE DEFENDANT'S EXPERT RACHEL DEMPSEY'S UNDISCLOSED REPORT**<br><br>Date: Dec., 13, 2024<br>Time: 1:30 PM<br>Place: 15th Floor, Courtroom C |

//

//

//

//

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## I. Factual & Procedural Context

On June 7, 2024, the parties exchanged expert reports and Plaintiff disclosed psychological expert Dr. Jones' report that confirmed Plaintiff's deposition testimony the incident had triggered his Post-Traumatic Stress Disorder. On July 3, 2024, the parties submitted a discovery dispute letter because Defendants were unable to meet the Court's rebuttal report deadline of July 5, 2024 and wished to have an expert to rebut Dr. Jones' report. ECF 37. Ultimately the district court granted Defendants' request for extension setting deadlines for expert rebuttal to August 9 and the close of expert discovery for August 16, 2024. ECF 39. The Court granted an additional extension for the purpose of taking depositions setting close of expert discovery for September 16, 2024. ECF 64.

On August 9, 2024, Defendants disclosed a rebuttal report from Dr. Dempsey. (Buelna Decl.). On September 6, 2024, Plaintiff took Dr. Dempsey's deposition who had also been served with requests for production of documents, including draft reports and documents relied on. (Buelna Decl.).

Plaintiff's attorney examined Dr. Dempsey on her disclosed rebuttal report and attached the report to the deposition. (**Ex. 1 –** Dempsey Depo, 5-6). Plaintiff 's attorney spent approximately 2 hours examining her on the report and disclosed opinions. (Buelna Decl.) Once Plaintiff's attorney indicated that he had finished questioning, Defendant's counsel proceeded to elicit testimony from Dr. Dempsey on an undisclosed opinion about apportionment. (Dempsey Depo, 50-54).

On follow up, Plaintiff confirmed that this apportionment opinion had not been disclosed and confirmed that the report that was disclosed to him was correctly dated and signed by Dr. Dempsey. (Dempsey Depo, 54-55). Dr. Dempsey proceeded to assert:

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

> I think there may have been a computer glitch, because I have two copies. I have what you're looking at and I have the final draft that does have a whole paragraph on this apportionment issue that we're talking about, and I don't know if that final paragraph that I included just didn't get saved. I have sent a frantic text to my admin to find out what's going on. So if it is okay with Counsel, I would like to send that final draft -- if I could send it right now, you'll see that one paragraph. It's really just that one paragraph that is substantially different.

Dempsey Depo, 55:5-16.

Dr. Dempsey agreed that Dr. Jones did not quantify or address apportionment in her report. Dempsey Depo, 55. Dr. Dempsey agreed that her apportionment opinion was not in rebuttal to Plaintiff's expert at all. *Id.*

Plaintiff was never provided with any amended or supplemental report from Dr. Dempsey following the deposition either. (Buelna Decl.).

## II. Dr. Dempsey's Undisclosed Report/Opinion on Apportionment Must Be Excluded For Failure to Disclosure

The goal of Rule 26(a) is to promote full disclosure of the facts and prevent "trial by ambush". *Macaulay v. Anas*, 321 F.3d 45, 50, 52 (1st Cir.2003); *see Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 6–7 (1st Cir.1985). Exclusion is a strong impetus to follow the Federal Rules of Civil Procedure ("Rules") and the schedule set by the Court. *See Thibeault v. Square D Co.*, 960 F.2d 239, 245 (1st Cir.1992). Rule 37 requires exclusion unless the party facing sanctions can show that the failure to comply was justified or harmless. *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20–21 (1st Cir.2001).

Here, Dr. Dempsey did not disclose her apportionment opinion in her report. Although she claimed there was a computer glitch, she confirmed the report Plaintiff had was both accurately dated and signed by her. Furthermore, she never sent or Defendant never disclosed to Plaintiff any amended report subsequently. Such a failure to disclose at the close of expert discovery is highly prejudicial because Plaintiff (1) could not read or research the opinion prior to deposition

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

and (2) had no meaningful opportunity to examine her on the opinion because it was never disclosed. Defendant has not even disclosed the report to date. Therefore the failure to disclose was neither harmless nor justified.

**III. Dr. Dempsey's Undisclosed Report/Opinion on Apportionment Is Not a Proper Rebuttal Opinion**

Dr. Dempsey's apportionment opinion is not a proper rebuttal opinion.

Federal Rules of Civil Procedure Rule 26(a)(2)(D)(ii) allows the admission of rebuttal testimony that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." (Emphasis added.)

Courts have explored the contours and limits of rebuttal evidence. As relevant here:

> If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one. Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case.

(*See R & O Construction Company v. Rox Pro International Group, LTD*, No. 2:09-cv-017490-LRH-LRL, 2011 WL 2923703 (D. Nev. July 18, 2011) [collecting cases, quotations omitted]; *see also Daly v. Fesco Agencies NA Inc.,* 108 F.App'x 476, 479 (9th Cir. 2004) [upholding exclusion of expert whose rebuttal testimony "related to issues that were the subject of the plaintiff's case-in-chief"].

Where a party attempts to designate as a "rebuttal" expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that witness may be viewed as an initial expert who was not timely designated and whose testimony may be struck by the Court for violating Rule 26(a) and the Court's governing scheduling order. See, e.g., *Donell v. Fidelity Nat'l Title Agency of Nev.*, , 2012 WL 170990, at *4 (D.Nev. Jan. 20, 2012) ("[I]t is clear that Brooks was always intended to testify as an initial expert witness for the Plaintiff. Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a

rebuttal expert to obtain an extension of the deadline for designating an initial expert.").

Here, Dr. Dempsey testified that Plaintiff's expert did not address apportionment whatsoever and that she did not even consider the apportionment opinion a rebuttal in any way to Plaintiff's expert. Therefore, Dr. Dempsey's apportionment opinion must be excluded.

**IV. CONCLUSION**

For all of the aforementioned reasons, Plaintiff's motion to exclude Dr. Dempsey's opinions regarding apportionment and her undisclosed report should be GRANTED.

Dated: October 1, 2026

Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: *<u>/s/ Patrick Buelna</u>*
PATRICK BUELNA
Attorney for Plaintiff

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400