**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiff



**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, individually;<br><br>Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No.: 3:23-cv-02402-SK<br><br>**[PROPOSED] JOINT JURY INSTRUCTIONS** |

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Table of Contents

Stipulated Instruction No. 1.4 Re DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) ..... 1

Stipulated Instruction No. 1.5 Re Claims and Defenses ..... 2

Stipulated Instruction 1.6 Re Burden of Proof—Preponderance of the Evidence ..... 3

Stipulated Instruction 1.9 Re What Is Evidence ..... 4

Stipulated Instruction No. 1.10 Re What Is Not Evidence ..... 5

Stipulated Instruction No. 1.11 Re Evidence for Limited Purpose ..... 6

Stipulated Instruction No. 1.12 Re DIRECT AND CIRCUMSTANTIAL EVIDENCE ..... 7

Stipulated Instruction No. 1.13 Re Ruling on Objections ..... 8

Stipulated Instruction No. 1.14 Re CREDIBILITY OF WITNESSES ..... 9

Stipulated Instruction No.: 1.15 Re CONDUCT OF THE JURY ..... 10

Stipulated Instruction No. 1.17 Re NO TRANSCRIPT AVAILABLE TO JURY ..... 12

Stipulated Instruction No. 1.18 Re TAKING NOTES ..... 13

Disputed Instruction No. 1.19 Re QUESTIONS TO WITNESSES BY JURORS DURING TRIAL Offered by Plaintiff ..... 14

Disputed Instruction NO. 1.19 Re QUESTIONS TO WITNESSES BY JURORS DURING TRIAL Offered by Defendants ..... 15

Stipulated Instruction No. 1.20 Re BENCH CONFERENCES AND RECESSES ..... 17

Stipulated Instruction No. 1.21 Re OUTLINE OF TRIAL ..... 18

Stipulated Instruction No. 2.1 Re Cautionary Instructions ..... 19

Stipulated Instruction No. 2.3 Stipulations of Fact ..... 21

Stipulated Instruction No. 2.5 re Deposition in Lieu of Live Testimony ..... 22

Stipulated Instruction No. 2.5 Re TRANSCRIPT OF RECORDING IN ENGLISH ..... 23

Disputed Instruction No. 2.9 Re IMPEACHMENT EVIDENCE—WITNESS Offered by Defendants ..... 24

Stipulated Instruction No. 2.11 Re USE OF INTERROGATORIES ..... 25

Stipulated Instruction No. 2.14 Expert Opinion Testimony ..... 26

Stipulated Instruction No. 2.15 re Chart and Summaries Not Received in Evidence ..... 27

Stipulated Instruction No. 2.16 re Chart and Summaries Received in Evidence ..... 28

Stipulated Instruction No. 2.17 Re Evidence in Electronic Format ..... 29

Stipulated Instruction No. 3.1 Re DUTY TO DELIBERATE ..... 31

Stipulated Instruction No. 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY ..... 32

Stipulated Instruction No. 3.3 Re COMMUNICATION WITH COURT ..... 34

Stipulated Instruction No. 3.5 Re RETURN OF VERDICT ..... 35

Stipulated Instruction No. 5.1 Re DAMAGES—PROOF ..... 36

Stipulated Instruction No. 5.3 DAMAGES Re MITIGATION ..... 37

Stipulated Instruction No. 9.1 Re Section 1983 Claim—Introductory Instruction ..... 38

Stipulated Instruction No. 9.2 Re CAUSATION ..... 39

Stipulated Instruction No. 9.3 Re Section 1983 Claim Against Defendant in Individual Capacity —Elements and Burden of Proof Offered by Plaintiff ..... 40

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Disputed Instruction No. 9.11 Re Particular Rights—First Amendment—“Citizen” Plaintiff Offered by Plaintiff ........ 41

Disputed Instruction No. 9.11 Particular Rights—First Amendment “Citizen” Plaintiff Offered by Defendants ........ 42

Stipulated Instruction Re 9.27 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force ........ 44

Stipulated Instruction No. 440. Negligent Use of Nondeadly Force by Law Enforcement Officer in Arrest or Other Seizure—Essential Factual Elements ........ 47

Stipulated Instruction No. 405 Re: Comparative Fault of Plaintiff ........ 49

Stipulated Instruction No. 430 Causation: Substantial Factor ........ 50

Stipulated Instruction No. 1305A Re Battery – Essential Factual Elements ........ 51

Disputed Instruction No. 3066 Bane Act Re Essential Factual Elements (Civ. Code, § 52.1) Offered by Plaintiff ........ 53

Disputed Instruction No. 3066. Re Bane Act—Essential Factual Elements (Civ. Code, § 52.1) Offered by Defendants ........ 55

[Modified] ........ 55

Stipulated Instruction No. 5.4 Re Nominal Damages ........ 57

DISPUTED SPECIAL INSTRUCTION NO. 1 Re PROBABLE CAUSE – OFFICER JEFFREY LUBEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF ANTHONY NAVARRO OFFERED BY DEFENDANTS ........ 58

DISPUTED SPECIAL INSTRUCTION NO. 2 - OFFICERS NOT REQUIRED TO USE LEAST FORCE POSSIBLE OFFERED BY DEFENDANTS ........ 59

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

DISPUTED SPECIAL INSTRUCTION NO. 3 – OFFICERS NOT LIABLE FOR USE OF REASONABLE FORCE THAT CAUSES INJURY OFFERED BY DEFENDANTS .................................. 60

DISPUTED SPECIAL INSTRUCTION NO. 4 - LACK OF COOPERATION CAN JUSTIFY USE OF FORCE OFFERED BY DEFENDANTS .................................................................................................. 61

DISPUTED SPECIAL INSTRUCTION NO. 5 – ARREST OR DETENTION – USE OF REASONABLE FORCE – DUTY TO SUBMIT OFFERED BY DEFENDANTS ......................... 62

DISPUTED SPECIAL INSTRUCTION NO. 6 - OFFICERS MAY REASONABLY RELY ON INFORMATION FROM OTHER LAW ENFORCEMENT SOURCES OFFERED BY DEFENDANTS ................................................................................................................................................ 63

DISPUTED SPECIAL INSTRUCTION NO. 7 - NO DUTY TO RETREAT OFFERED BY DEFENDANTS ................................................................................................................................ 64

DISPUTED SPECIAL INSTRUCTION NO. 8 - MOTIVATION OF OFFICER IRRELEVANT OFFERED BY DEFENDANTS .................................................................................................. 65

DISPUTED SPECIAL INSTRUCTION 9 - LAW ENFORCEMENT OFFICERS HAVE DISCRETION IN DETERMINING THE TYPE AND AMOUNT OF FORCE TO APPLY OFFERED BY DEFENDANTS .................................................................................................. 66

DISPUTED SPECIAL INSTRUCTION NO. 10: TOTALITY OF THE CIRCUMSTANCES OFFERED BY DEFENDANTS .................................................................................................. 67

DISPUTED SPECIAL INSTRUCTION NO. 11 - CRIMES UNDER CALIFORNIA LAW OFFERED BY DEFENDANTS .................................................................................................. 68

DISPUTED SPECIAL INSTRUCTION NO. 12 – OFFICER CAN LAWFULLY CONSIDER ARRESTEE'S PROTECTED SPEECH TO ASSESS LEVEL OF THREAT POSED OFFERED BY DEFENDANTS ........................................................................................................... 69

DISPUTED SPECIAL INSTRUCTION NO. 13 - QUALIFIED IMMUNITY OFFERED BY DEFENDANTS........ 70

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Stipulated Instruction No. 1.4 Re DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Ninth Circuit Model Jury Instruction No. 1.4

Stipulated Instruction No. 1.5 Re Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Anthony Navarro asserts that excessive force, retaliation, negligence, battery and Bane Act claims against Defendant Jeffrey Lubey. He asserts Defendant City and County of San Francisco is vicariously liable for negligence, battery and the Bane Act claims against Defendant Lubey. The plaintiff has the burden of proving these claims.

Defendants Officer Jeffrey Lubey and the City and County of San Francisco deny those claims and contend that Officer Lubey's conduct complied with the law.

Authority: Ninth Circuit Model Jury Instruction No. 1.5

Stipulated Instruction 1.6 Re Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Jury Instruction No. 1.6

Stipulated Instruction 1.9 Re What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I [may instruct] [have instructed] you to accept as proved.

Ninth Circuit Model Jury Instruction No. 1.9

Stipulated Instruction No. 1.10 Re What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction No. 1.10

Stipulated Instruction No. 1.11 Re Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Ninth Circuit Model Jury Instruction No. 1.11

Stipulated Instruction No. 1.12 Re DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.</u>

Authority: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.12, Comment

Stipulated Instruction No. 1.13 Re Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Ninth Circuit Model Jury Instruction No. 1.13

Stipulated Instruction No. 1.14 Re CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Ninth Circuit Model Jury Instruction No. 14

Stipulated Instruction No.: 1.15 Re CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place

discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result, requiring the entire trial process to start over.] If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

Authority: Ninth Circuit Model Jury Instruction No. 1.15

Stipulated Instruction No. 1.17 Re NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Authority: Ninth Circuit Model Jury Instruction No. 1.17

Stipulated Instruction No. 1.18 Re TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Ninth Circuit Model Jury Instruction No. 1.18

**<u>Disputed</u> Instruction No. 1.19 Re QUESTIONS TO WITNESSES BY JURORS DURING TRIAL Offered by Plaintiff**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority: Ninth Circuit Model Jury Instruction No. 1.19

**Disputed Instruction NO. 1.19 Re QUESTIONS TO WITNESSES BY JURORS DURING TRIAL Offered by Defendants**

**[Modified]**

~~*Option 1*~~

~~Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.~~

*Option 2*

When attorneys have finished their examination of a witness, you may ask questions of the witness. ~~[Describe procedure to be used.]~~ You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate. Please write your questions on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper. ~~If the rules of evidence do not permit a particular question, I will advise you.~~

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

After your questions, if any, the attorneys may ask additional questions.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.19, Option 2 and Comment; *United States v. Huebner*, 48 F.3d 376, 382 (9th Cir. 1994) (district judge did not err or abuse discretion in allowing jurors to "request[] evidence on particular points," where "[t]he procedure was entirely neutral," and the defendant-appellant did not "point out prejudice resulting from any of the few questions asked")

Stipulated Instruction No. 1.20 Re BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Ninth Circuit Model Jury Instruction No. 1.20

Stipulated Instruction No. 1.21 Re OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Ninth Circuit Model Jury Instruction No. 1.21

Stipulated Instruction No. 2.1 Re Cautionary Instructions

**At the End of Each Day of the Case**:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

~~[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about~~

~~or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]~~

Authority: Ninth Circuit Model Jury Instruction No. 2.1

**Stipulated Instruction No. 2.3 Stipulations of Fact**

The parties have agreed to certain facts: ~~[to be placed in evidence as Exhibit __] [that will be read to you].~~

1. On June 16, 2022, at the time of the incident, Defendant San Francisco Police Officer Jeffrey Lubey was acting under color of state law.

You must therefore treat these facts as having been proved.

Authority: Ninth Circuit Model Jury Instruction No. 2.3

Stipulated Instruction No. 2.5 re Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Authority: Ninth Circuit Model Jury Instruction No. 2.5

Stipulated Instruction No. 2.5 Re TRANSCRIPT OF RECORDING IN ENGLISH

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

Authority: Ninth Circuit Model Jury Instruction No. 2.5

**<u>Disputed</u> Instruction No. 2.9 Re IMPEACHMENT EVIDENCE—WITNESS**

**Offered by Defendants**

The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: Ninth Circuit Model Jury Instruction No. 2.9

Stipulated Instruction No. 2.11 Re USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority: Ninth Circuit Model Jury Instruction No. 2.11

Stipulated Instruction No. 2.14 Expert Opinion Testimony

You [have heard] [are about to hear] testimony from experts [insert named], who [testified] [will testify] about <u>their</u> opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of <u>these witnesses</u>.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness<u>es</u>' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Jury Instruction No. 2.14

Stipulated Instruction No. 2.15 re Chart and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority: Ninth Circuit Model Jury Instruction No. 2.15

Stipulated Instruction No. 2.16 re Chart and Summaries Received in Evidence

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority: Ninth Circuit Model Jury Instruction No. 2.16

Stipulated Instruction No. 2.17 Re Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does

not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: Ninth Circuit Model Jury Instruction No. 2.17

Stipulated Instruction No. 3.1 Re DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Ninth Circuit Model Jury Instruction No. 3.1

## Stipulated Instruction No. 3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—

including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Jury Instruction 3.2

Stipulated Instruction No. 3.3 Re COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Model Jury Instruction 3.3

Stipulated Instruction No. 3.5 Re RETURN OF VERDICT

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority: Ninth Circuit Model Jury Instruction 3.5

Stipulated Instruction No. 5.1 Re DAMAGES—PROOF

**[Modified]**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [specify type of claim] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

~~[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]~~

1. The nature and extent of Plaintiff's injuries;

2. The disability, disfigurement, and/or loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, and/or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Model Jury Instruction Nos. 5.1, 5.2.

Stipulated Instruction No. 5.3 DAMAGES Re MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

First, that the plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

Authority: Ninth Circuit Model Jury Instruction Nos. 5.3

Stipulated Instruction No. 9.1 Re Section 1983 Claim—Introductory Instruction

The plaintiff Anthony Navarro brings his claims for violation of the First and Fourth Amendments to the U.S. Constitution under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Ninth Circuit Model Jury Instruction No. 9.1

Stipulated Instruction No. 9.2 Re CAUSATION

In a § 1983 action, plaintiffs must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation. A defendant's conduct is an "actual cause," or "cause-in-fact," of a plaintiff's injury only if the injury would not have occurred but for that conduct. A defendant's conduct is a 'proximate cause' of a plaintiff's injury if it was not just any cause, but one with a sufficient connection to the result.

Authority: Ninth Circuit Model Jury Instruction No. 9.2; *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 n.11 and n. 12 (9th Cir. 2023); *Paroline v. United States*, 572 U.S. 434, 444 (2014)

Stipulated Instruction No. 9.3 Re Section 1983 Claim Against Defendant in Individual Capacity —Elements and Burden of Proof Offered by Plaintiff

To prevail on a § 1983 claim against the defendant Jeffrey Lubey, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the defendant Jeffrey Lubey acted under color of state law; and

Second, the [act[s]] ~~[failure to act]~~ of the defendant Jeffrey Lubey deprived the Plaintiff Anthony Navarro of particular rights under the United States Constitution as explained in later instructions; and

Third, the defendant Jeffrey Lubey's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendant Jeffrey Lubey acted under color of state law.

The defendant Jeffrey Lubey's conduct is an actual cause of ~~a~~ plaintiff Anthony Navarro's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] 9.11 and 9.27, your verdict on the First and Fourth Amendment claims should be for the plaintiff Anthony Navarro. If, on the other hand, you find that the plaintiff Anthony Navarro has failed to prove any one or more of these elements, your verdict on the First and Fourth Amendment claims should be for the defendant *Jeffrey Lubey*.

Ninth Circuit Model Jury Instruction No. 9.3

**Disputed Instruction No. 9.11 Re Particular Rights—First Amendment—"Citizen" Plaintiff Offered by Plaintiff**

As previously explained, the plaintiff Anthony Navarro [*name*] has the burden of proving that the act[s] of the defendant Jeffrey Lubey [*name*] deprived the plaintiff [*name*] of particular rights under the United States Constitution. In this case, the plaintiff Anthony Navarro [*name*] alleges the defendant [*name*] deprived the plaintiff [*name*] of rights under the First Amendment to the Constitution when [*insert factual basis of the plaintiff's claim*].

Under the First Amendment, a citizen has the right to free expression. [to petition the government] [to access the courts] [*other applicable right*]. To establish the defendant Jeffrey Lubey [*name*] deprived the plaintiff Anthony Navarro [*name*] of this First Amendment right, the plaintiff Anthony Navarro [*name*] must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Anthony Navarro [*name*] was engaged in a constitutionally protected activity;

Second, the defendant Jeffrey Lubey's [*name*]'s actions against the plaintiff Anthony Navarro [*name*] would chill a person of ordinary firmness from continuing to engage in the protected activity; and

Third, the plaintiff Anthony Navarro's [*name*]'s protected activity was a substantial or motivating factor in the defendant Jeffrey Lubey's [*name*]'s conduct.

[I instruct you that the plaintiff Anthony Navarro's [*name*]'s [speech in this case about [*specify*]] [*specify conduct*] was protected under the First Amendment and, therefore, the first element requires no proof.]

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the plaintiff Anthony Navarro [*name*] establishes each of the foregoing elements, the burden shifts to the defendant Jeffrey Lubey [*name*] to prove by a preponderance of the evidence that the defendant Jeffrey Lubey [*name*] would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff Anthony Navarro [*name*]. If you find that the defendant Jeffrey Lubey [*name*] is able to demonstrate this, you must find for the defendant Jeffrey Lubey [*name*]. If you find that the defendant Jeffrey Lubey [*name*] is not able to demonstrate this, you must find for the plaintiff Anthony Navarro[*name*].

Authority: Ninth Circuit Model Jury Instruction No. 9.11

**Disputed Instruction No. 9.11 Particular Rights—First Amendment "Citizen" Plaintiff Offered by Defendants**

As previously explained, the plaintiff Anthony Navarro has the burden of proving that the act[s] of the defendant Officer Jeffrey Lubey deprived the plaintiff Anthony Navarro of particular rights under the United States Constitution. In this case, the plaintiff Anthony Navarro alleges the defendant Officer Jeffrey Lubey deprived the plaintiff Anthony Navarro of rights under the First Amendment to the Constitution when Officer Jeffrey Lubey escorted Plaintiff Anthony Navarro from the sidewalk to the police van, using an escort method that the plaintiff claims was painful~~[insert factual basis of the plaintiff's claim]~~.

Under the First Amendment, a citizen has the right to free expression ~~[to petition the government] [to access the courts] [other applicable right]~~. To establish the defendant Officer Jeffrey Lubey deprived the plaintiff Anthony Navarro of this First Amendment right, the plaintiff Anthony Navarro must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Anthony Navarro was engaged in a constitutionally protected activity;

Second, the defendant Officer Jeffrey Lubey's actions against the plaintiff Anthony Navarro would chill a person of ordinary firmness from continuing to engage in the protected activity; and

Third, the plaintiff Anthony Navarro's protected activity was a substantial or motivating factor in the defendant Officer Jeffrey Lubey's conduct.

~~[I instruct you that the plaintiff's speech in this case about [specify]] [specify conduct] was protected under the First Amendment and, therefore, the first element requires no proof.]~~

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the plaintiff Anthony Navarro establishes each of the foregoing elements, the burden shifts to the defendant Officer Jeffrey Lubey to prove by a preponderance of the evidence that the defendant Officer Jeffrey Lubey would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff Anthony Navarro. If you find that the defendant Officer Jeffrey Lubey is able to demonstrate this, you must find for the defendant Officer Jeffrey Lubey. If you find that the defendant Officer Jeffrey Lubey is not able to demonstrate this, you must find for the plaintiff Anthony Navarro

Stipulated Instruction Re 9.27 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force

[modified]

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, and [or] in defending himself [herself] and others, [other pronoun]] and [or][in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff Anthony Navarro must prove by a preponderance of the evidence that the defendant Officer Jeffrey Lubey officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer the defendant Officer Jeffrey Lubey used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the plaintiff [decedent] posed an immediate threat to the safety of the officers or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer[s] had to determine the type and amount of force that

reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's [decedent's] injury;

(7) any effort made by the officer[s] to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the plaintiff into custody and/or [to take the plaintiff into custody] [to subdue the plaintiff;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent; and

(11) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given; and

[(12) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(13) whether it should have been apparent to the officer[s] that the person [he] [she] [other pronoun] used force against was emotionally disturbed;]

[(14) whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

(15) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.; and]

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.] [and]

~~[(16) insert other factors particular to the case.]~~

Authority: Ninth Circuit Model Jury Instruction No. 9.27;

**Stipulated Instruction No. 440. Negligent Use of Nondeadly Force by Law Enforcement Officer in Arrest or Other Seizure—Essential Factual Elements**

A law enforcement officer may use reasonable force to arrest/detain, or prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest/detain, or prevent escape of, or overcome resistance by the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

Plaintiff Anthony Navarro claims that Defendant Officer Jeffrey Lubey was negligent in using unreasonable force to arrest/detain him, or prevent escape of/overcome resistance by him. To establish this claim, Plaintiff Navarro must prove all of the following:

1. That Defendant Officer Jeffrey Lubey used force to arrest/detain, or prevent escape of, or overcome resistance by Plaintiff Anthony Navarro;

2. That the amount of force used by Defendant Officer Jeffrey Lubey was unreasonable;

3. That Plaintiff Anthony Navarro was harmed; and

4. That Defendant Officer Jeffrey Lubey's use of unreasonable force was a substantial factor in causing Plaintiff Anthony Navarro's harm.

In deciding whether Defendant Officer Jeffrey Lubey used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable police officer ~~[insert type of officer]~~ in Defendant Officer Jeffrey Lubey's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Defendant Officer Jeffrey Lubey and Plaintiff Anthony Navarro leading up to the use of force. Among the factors to be considered are the following:

(a) Whether Plaintiff Anthony Navarro reasonably appeared to pose an immediate threat to the safety of Defendant Officer Jeffrey Lubey or others;

(b) The seriousness of the crime at issue; and

(c) Whether Plaintiff Anthony Navarro was actively resisting arrest/detention or attempting to avoid arrest/detention by flight; and

(d). Defendant Officer Jeffrey Lubey's tactical conduct and decisions before using force on Plaintiff Anthony Navarro.

An officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. An officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, or prevent escape of, or overcome resistance by the person.

Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 440.

Stipulated Instruction No. 405 Re: Comparative Fault of Plaintiff

[Name of defendant] For purposes of Plaintiff Anthony Navarro's claim for negligence, Defendants Jeffrey Lubey and CCSF claims that [name of plaintiff]'s Plaintiff Anthony Navarro's own negligence contributed to [his/her/nonbinary pronoun] his harm. To succeed on this claim, [name of defendant] Defendants must prove both of the following:

1. That [name of plaintiff] Plaintiff Anthony Navarro was negligent; and

2. That [name of plaintiff]'s Plaintiff Anthony Navarro's negligence was a substantial factor in causing [his/her/nonbinary pronoun] his harm.

If Defendants [name of defendant] prove the above, [name of plaintiff]'s Plaintiff Anthony Navarro's damages for purposes of his claim for negligence are reduced by your determination of the percentage of [name of plaintiff]'s Plaintiff Anthony Navarro's responsibility. I will calculate the actual reduction.

Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 405.

Stipulated Instruction No. 430 Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 430.

Stipulated Instruction No. 1305A Re Battery – Essential Factual Elements

[Name of plaintiff] Plaintiff Anthony Navarro claims that [name of defendant] Defendant Officer Jeffrey Lubey harmed [him/her/nonbinary pronoun] by using unreasonable force to arrest/detain him, or prevent his escape, or overcome his resistance]. To establish this claim, [name of plaintiff] Plaintiff Anthony Navarro must prove all of the following:

1. That [name of defendant] Defendant Jeffrey Lubey intentionally touched [name of plaintiff] Plaintiff Anthony Navarro ;
2. That [name of defendant] Defendant Jeffrey Lubey used unreasonable force on Plaintiff Anthony Navarro [name of plaintiff];
3. That Plaintiff Anthony Navarro [name of plaintiff] did not consent to the use of that force;
4. That Plaintiff Anthony Navarro [name of plaintiff] was harmed; and
5. That Defendant Jeffrey Lubey [name of defendant]'s use of unreasonable force was a substantial factor in causing Plaintiff Anthony Navarro's [name of plaintiff]'s harm.

[A/An] [insert type of officer] A police officer may use reasonable force to [arrest/detain/ [,/or] prevent the escape of/ [,/or] overcome the resistance of] a person when the officer has reasonable cause to believe that that person has committed a crime. [Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.]

In deciding whether Defendant Jeffrey Lubey [name of defendant] used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable police officer [insert type of officer] in Defendant Jeffrey Lubey [name of defendant]'s position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Defendant Jeffrey Lubey and Plaintiff Anthony Navarro [name of defendant] and [name of plaintiff] leading up to the use of force. You should consider, among other factors, the following:

(a) Whether Plaintiff Anthony Navarro [name of plaintiff] reasonably appeared to pose an immediate threat to the safety of Defendant Jeffrey Lubey [name of defendant] or others;

(b) The seriousness of the crime at issue; and

(c) Whether Plaintiff Anthony Navarro [name of plaintiff] was actively resisting arrest/detention or attempting to evade arrest/detention.

[An officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical repositioning or other deescalation tactics are not retreat. An officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, or prevent escape, or overcome resistance.

Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1305A.

**Disputed Instruction No. 3066 Bane Act Re Essential Factual Elements (Civ. Code, § 52.1) Offered by Plaintiff**

[modified]

~~[Name of plaintiff]~~ Plaintiff Anthony Navarro claims that ~~[name of defendant]~~ Defendant Officer Jeffrey Lubey intentionally interfered with or attempted to interfere with ~~[his/her/nonbinary pronoun]~~ his civil rights by threats, intimidation, or coercion. To establish this claim, ~~[name of plaintiff]~~ Plaintiff Anthony Navarro must prove all of the following:

~~1. That by threats, intimidation or coercion, [name of defendant] caused [name of plaintiff] to reasonably believe that if [he/she/nonbinary pronoun] exercised [his/her/nonbinary pronoun]~~ her ~~right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [[him/her/nonbinary pronoun]/ [or] [his/her/nonbinary pronoun] property] and that [name of defendant] had the apparent ability to carry out the threats;]~~

~~[or]~~

~~[That [name of defendant] acted violently against [[name of plaintiff]/ [and] [name of plaintiff]'s property] [to prevent [him/her/nonbinary pronoun] from exercising [his/her/nonbinary pronoun] right [e.g., to vote]/to retaliate against [name of plaintiff] for having exercised [his/her/nonbinary pronoun] right [e.g., to vote]];]~~

1. That Defendant Officer Jeffrey Lubey used unreasonable force deliberately and/or with reckless disregard for Plaintiff Anthony Navarro's constitutional right to be free from unreasonable seizures and/or excessive force;

2. That ~~[name of defendant]~~ Defendant Jeffrey Lubey intended to deprive ~~[name of plaintiff]~~ Plaintiff Anthony Navarro of ~~[his/her/nonbinary pronoun]~~ his enjoyment of the interests protected by the right ~~[e.g., to vote];]~~ to be free from unreasonable force;

3. That ~~[name of plaintiff]~~ Plaintiff Anthony Navarro was harmed; and

4. That ~~[name of defendant]'s~~ Defendant Jeffrey Lubey's conduct was a substantial factor in causing ~~[name of plaintiff]'s~~ Plaintiff Anthony Navarro's harm.

Authority: Judicial Council of California Civil Jury Instructions 3066; *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 799 (Ct. App. 2017), as modified (Nov. 17, 2017), review denied (Feb. 28, 2018); *Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1044 (9th

Cir. 2018); *S.T. by & through Niblett v. City of Ceres*, No. 116CV01713LJOSAB, 2018 WL 4193192, at *14 (E.D. Cal. Aug. 31, 2018).

**Disputed Instruction No. 3066. Re Bane Act—Essential Factual Elements (Civ. Code, § 52.1) Offered by Defendants**

**[Modified]**

Plaintiff Anthony Navarro claims that Defendant Officer Jeffrey Lubey intentionally interfered with [or attempted to interfere with] [his/her] civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiff Anthony Navarro must prove all of the following:

1. That by threat, intimidation, or coercion, Defendant Officer Jeffrey Lubey interfered [or attempted to interfere] with Plaintiff Anthony Navarro's exercise or enjoyment of his right to be free from excessive force;

   [or]

   [That by threats, intimidation or coercion, [name of defendant] caused [name of plaintiff] to reasonably believe that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"], [name of defendant] would commit violence against [[him/her]/ [or] [his/her] property] and that [name of defendant] had the apparent ability to carry out the threats;]

   [or]

   [That [name of defendant] acted violently against [[name of plaintiff]/ [and] [name of plaintiff]'s property] [to prevent [him/her/ nonbinary pronoun] from exercising [his/her/nonbinary pronoun] right [e.g., to vote]/to retaliate against [name of plaintiff] for having exercised [his/her/nonbinary pronoun] right [e.g., to vote]];]

2. That Defendant Officer Jeffrey Lubey specifically intended to deprive Plaintiff Anthony Navarro of his/her] enjoyment of the interests protected by the right to be free from excessive force [e.g., to vote];
3. That Plaintiff Anthony Navarro was harmed; and
4. That Defendant Officer Jeffrey Lubey's conduct was a substantial factor in causing Plaintiff Anthony Navarro's harm.

Authority: CACI 3066; *Cornell v. City & Cnty. Of San Francisco* (2017) 17 Cal.App.5th 766, 803; *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018)

Stipulated Instruction No. 5.4 Re Nominal Damages

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Ninth Circuit Model Jury Instruction No. 5.4

**DISPUTED SPECIAL INSTRUCTION NO. 1 Re PROBABLE CAUSE – OFFICER JEFFREY LUBEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF ANTHONY NAVARRO OFFERED BY DEFENDANTS**

Defendant Officer Lubey acted lawfully when he arrested Plaintiff Navarro. Immediately before the arrest, Officer Lubey (1) saw that Officer Jacob Horton was discharging his duty by trying to assist a person on a light pole, (2) saw Plaintiff Navarro block Officer Horton's path and make physical contact with Officer Horton, (3) heard Officer Horton issue multiple commands for Plaintiff Navarro to get back, and (4) saw Plaintiff Navarro fail to heed those commands for several seconds. Based on these circumstances, a reasonable peace officer in Officer Lubey's position would believe that Plaintiff Navarro was delaying Officer Horton from addressing the situation with the person on the light pole. Therefore, Officer Lubey had probable cause, *i.e.*, legal cause, to arrest Plaintiff Navarro for violating California Penal Code section 148(a), which makes it a misdemeanor to "willfully resist[], delay[], or obstruct[] any public officer [or] peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment."

Authority: Motion for Summary Judgment Order (Dkt. No. 59, Pg. 7:11-9:8); California Penal Code § 148; *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 2 - OFFICERS NOT REQUIRED TO USE LEAST FORCE POSSIBLE OFFERED BY DEFENDANTS**

Police officers are not required to use the least amount of force possible. Whether the officers hypothetically could have used less painful, less injurious, or more effective force is not the issue. Rather, the question is whether the force they did use was reasonable, viewing the facts from the perspective of a reasonable officer under the circumstances presented.

Authority: *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022) ("It is also well-established that police officers are not required to use the least intrusive degree of force possible." (internal quotation marks omitted)); *Luchtel v. Hagemann,* 623 F.3d 975, 982 (9th Cir. 2010) ("Police officers need not use the least intrusive means available to them . . . ."); *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994) ("Police officers, however, are not required to use the least intrusive degree of force possible. Rather, as stated above, the inquiry is whether the force that was used to effect a particular seizure was reasonable, viewing the facts from the perspective of a reasonable officer on the scene. . . . Whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue." (citing, inter alia, *Graham v. Connor*, 490 U.S. 386, 396 (1989))); *Scott v Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) ("Officers thus need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable.")

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 3 – OFFICERS NOT LIABLE FOR USE OF REASONABLE FORCE THAT CAUSES INJURY OFFERED BY DEFENDANTS**

Use of reasonable and legitimate force can result in an injury, even a serious injury or death. However, an officer is only liable if he or she uses excessive force. If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury or death results.

Authority: *Scott v. Harris*, 550 U.S. 372, 383 (2007) ("Whether or not Scott's actions constituted application of 'deadly force,' all that matters is whether Scott's actions were reasonable."); *Sabbe v. Washington Cnty. Bd. of Comm'rs*, 84 F.4th 807, 828 (9th Cir. 2023) (police officers' use of deadly force did not violate Fourth Amendment); *Miller v. Clark County*, 340 F.3d 959, 968 (9th Cir. 2003) ("Notwithstanding the serious injuries to Miller, there was no use of excessive force under the circumstances."); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994) (upholding jury verdict that police did not use excessive force to arrest protesters, where, among other things, the officers "forcibly moved the arrestees by tightening OPNs [Orcutt Police Nonchakus] around their wrists until they stood up and walked," which caused injuries including a broken wrist).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 4 - LACK OF COOPERATION CAN JUSTIFY USE OF FORCE OFFERED BY DEFENDANTS**

A person arrested or detained need not physically threaten or attempt to assault an officer for force to be justified. Lack of cooperation by a person arrested or detained, by itself, can justify the use of force. Use of force in response to lack of cooperation must be reasonable.

Authority: *See Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1096-97 (9th Cir. 2006) (use of control hold "was objectively reasonable under the circumstances" despite that "the criminal conduct underlying [the] arrest was not severe," where the arrestee posed a threat to himself, the police, and possibly others; behaved erratically; and resisted arrest); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921-22 (9th Cir. 2001) (using physical force to handcuff the plaintiff was objectively reasonable where the plaintiff "refused to cooperate and provide her . . . identification when requested," the officer warned her that "she would be arrested if she did not cooperate," the plaintiff continued refusing to cooperate, and, when the officer attempted to handcuff the plaintiff, she "stiffened her arm and attempted to pull free"); *Forrester v. City of San Diego*, 25 F.3d 804, 806, 808 (9th Cir. 1994) (use of force not excessive where "the officers warned the demonstrators that they would be subject to pain compliance measures if they did not move, that such measures would hurt, and that they could reduce the pain by standing up," the demonstrators did not cooperate, and the officers "then forcibly moved the arrestees by tightening OPNs around their wrists until they stood up and walked," causing injuries).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 5 – ARREST OR DETENTION – USE OF REASONABLE FORCE – DUTY TO SUBMIT OFFERED BY DEFENDANTS**

A peace officer who is making an arrest may use reasonable force to make the arrest, or to prevent escape, or to overcome resistance.

The officer need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested.

Where a peace officer is making an arrest, and the person being arrested has knowledge, or by the exercise of reasonable care should have knowledge, that he is being arrested by a peace officer, it is the duty of that person to refrain from using force or any weapon to resist the arrest.

Authority: California Jury Instructions-Criminal No. 2670; California Penal Code § 148.

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 6 - OFFICERS MAY REASONABLY RELY ON INFORMATION FROM OTHER LAW ENFORCEMENT SOURCES OFFERED BY DEFENDANTS**

An officer may reasonably rely on facially valid directions and information communicated to him by another law enforcement source.

Authority: *United States v. Hensley*, 469 U.S. 221, 231 (1985); *United States v. Ramirez*, 473 F.3d 1026, 1037 (9th Cir. 2007); *United States v. Robinson*, 536 F.2d 1298, 1299 (9th Cir. 1976).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 7 - NO DUTY TO RETREAT OFFERED BY DEFENDANTS**

A police officer who makes or attempts to make an arrest or detention, and who is using no more than reasonable force to do so, is not required to retreat or cease from his efforts because of the resistance or threatened resistance of the person being arrested or detained.

Authority: *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906, 919 (9th Cir. 2024) ("[W]e decline to create a rule by which officers have a duty to indefinitely retreat when faced with an immediate threat."); *Reed v. Hoy*, 909 F.2d 324, 331 (9th Cir. 1989), overruling on other grounds recognized in *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 956 n.14 (9th Cir. 2010).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 8 - MOTIVATION OF OFFICER IRRELEVANT OFFERED BY DEFENDANTS**

The actual motivation of an officer using force is irrelevant. An officer's improper motive will not establish excessive force if the force used was objectively reasonable.

Authority: *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Monzon v. City of Murrieta*, 978 F.3d 1150, 1157 (9th Cir. 2020) ("In determining reasonableness, the Supreme Court has instructed us to examine the 'facts and circumstances confronting [the officers], without regard to their underlying intent or motivation.'" (quoting *Graham*, 490 U.S. at 397)); *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) ("We consider the facts underlying an excessive force claim from the perspective of a reasonable officer on the scene, without regard to the arresting officer's subjective motivation for using force.").

**<u>DISPUTED</u> SPECIAL INSTRUCTION 9 - LAW ENFORCEMENT OFFICERS HAVE DISCRETION IN DETERMINING THE TYPE AND AMOUNT OF FORCE TO APPLY OFFERED BY DEFENDANTS**

In any given set of circumstances, one officer might choose to use a certain type of force while a different officer might choose to use a different type of force in the particular circumstances known to the officer. That the choices might be different does not necessarily mean that one or both are excessive. Rather, the level of force chosen must be unreasonable under the circumstances to be excessive.

Authority: *Forrester v. City of San Diego*, 25 F.3d 804, 808 (9th Cir. 1994) ("Each officer had the discretion to use force or not, and if deciding to do so, how much force to apply."); *cf. Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. . . . [T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.").

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 10: TOTALITY OF THE CIRCUMSTANCES OFFERED BY DEFENDANTS**

In considering the totality of the circumstances facing Defendant Officer Jeffrey Lubey, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."

Authority: *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *see also, e.g.*, *Kisela v. Hughes*, 584 U.S. 100, 103 (2018) (citing *Graham*, 490 U.S. at 396-97); *Smith v. Agdeppa*, 81 F.4th 994, 1002-03 (9th Cir. 2023) (same).

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 11 - CRIMES UNDER CALIFORNIA LAW OFFERED BY DEFENDANTS**

Under California law, the following are crimes:

1. Willfully resisting, delaying, or obstructing any public officer or peace officer in the discharge or attempt to discharge any duty of his office or employment.

Authority: California Penal Code §148

2. Battery against the person of a peace officer.

Authority: California Penal Code § 243(b)

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 12 – OFFICER CAN LAWFULLY CONSIDER ARRESTEE'S PROTECTED SPEECH TO ASSESS LEVEL OF THREAT POSED OFFERED BY DEFENDANTS**

Police officers do not violate a plaintiff's First Amendment rights if they had an objectively legitimate need to implement security measures in response to information conveyed by an arrestee's speech, and would have implemented the same security measures in the absence of any retaliatory motive.

Authority: *Boquist v. Courtney*, 32 F.4th 764, 778 (9th Cir. 2022) ("Thus, government officials do not violate a plaintiff's First Amendment rights if they had an objectively legitimate need to implement security measures in response to information conveyed by the plaintiff's speech, and would have implemented the same security measures in the absence of any retaliatory motive."); *cf. Nieves v. Bartlett*, 587 U.S. 391, 401 (2019) ("Officers frequently must make split-second judgments when deciding whether to arrest, and the content and manner of a suspect's speech may convey vital information—for example, if he is ready to cooperate or rather present[s] a continuing threat."); *Reichle v. Howards*, 566 U.S. 658, 668 (2012) (an officer may, without violating the First Amendment, "decide to arrest [a] suspect because his speech provides evidence of a crime or suggests a potential threat").

**<u>DISPUTED</u> SPECIAL INSTRUCTION NO. 13 - QUALIFIED IMMUNITY**

**OFFERED BY DEFENDANTS**

Defendants propose that the Court give the jury the following instruction after the jury returns the general verdict form, and only if the jury finds in favor of Plaintiff on his claim(s) for violation of the First Amendment and/or Fourteenth Amendment of the U.S. Constitution:

Members of the jury, because you have returned a verdict for Plaintiff Anthony Navarro on his claim[s] for violation of the [First Amendment and/or Fourth Amendment of the U.S. Constitution], I must now ask you to complete one more task. I will give you a list of questions called Special Interrogatories. You must deliberate on each question and answer each question "yes" or "no." Your answer to each question must be unanimous.

Authority: Federal Rule of Civil Procedure 49(b); *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1086 (9th Cir. 2017); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 519, 521 (9th Cir. 1999).

Respectfully submitted,

Dated: October 2, 2026

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/Patrick M. Buelna*
PATRICK M. BUELNA