DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO BIFURCATE LIABILITY AND PUNITIVE DAMAGES**<br><br>Pre-Trial Conf Date: December 13, 2024<br>Time: 8:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom C – 15th Floor<br><br>Trial Date: January 14, 2025 |

**INTRODUCTION**

Defendants move in limine for a court order bifurcating the issue of punitive damages from the issues to be tried regarding liability. Plaintiff should be required to establish Defendant Lubey's individual liability before the issue of punitive damages is presented to the jury, and bifurcation allows for an efficient case presentation at trial. Plaintiff does not oppose bifurcation.

Defendants further seek to submit an individual declaration of assets and liabilities subject to disclosure upon a liability finding of the defendant, or an alternative Court-approved process.

**LEGAL STANDARD**

"Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase." *Henderson v. Peterson*, No. C 07-2838 SBA PR, 2011 WL 2838169, at *15 (N.D. Cal. July 15, 2011). Bifurcating the issues of liability and punitive damages is an appropriate exercise of the Court's discretion. *See Hilao v. Est. of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996). For example, "[a] court might bifurcate a trial to 'avoid a difficult question by first dealing with an easier, dispositive issue, [citation] or to avoid the risk of prejudice." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016); *see also Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) ("[W]e have no difficulty in theory with a bifurcation of the punitive damages issue, postponing the jury's consideration of the amount of such an award until a later stage in the trial. Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373–74 (2d Cir. 1988) ("Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all.").

**ARGUMENT**

Bifurcation of punitive damages from liability is appropriate in this case, and unopposed by Plaintiff. Because of the unfair prejudice to Defendants and the undue consumption of time involved, all issues related to possible punitive damages should be bifurcated and tried—if necessary—following any jury verdict in this case. Here, bifurcation would serve each of the purposes identified by Rule 42(b): "For convenience, to avoid prejudice, or to expedite and economize." *See also Henderson*, 2011 WL 2838169, at *15–16 (granting defendants' motion to bifurcate punitive damages

in Section 1983 case); *Monroe v. Griffin*, No. 14–cv–00795–WHO, 2015 WL 5258115, at *6 (N.D. Cal. Sept. 9, 2015) (noting that "courts trying section 1983 cases in this circuit often bifurcate the punitive damages issue"); *James v. Wilber*, No. 1:08–cv–00351–SKO PC, 2012 WL 6607290, at *1 (E.D. Cal. Dec. 18, 2012) (same).

Defendants requests to submit individual declarations of assets and liabilities to the Court, subject to disclosure after a liability finding of the defendant. A sample form declaration is attached as Exhibit 1 to the Declaration of Jose A. Zelidon-Zepeda Supporting Defendants' Motions in Limine. Evidence regarding the appropriateness of punitive damages against each defendant is only relevant and necessary if that defendant is first found liable of the underlying constitutional violations. Such evidence would be unnecessary if the jury finds no constitutional violation. Given the sensitive and intrusive nature of the information, such as a defendant's net worth, Defendants request permission to confidentially submit the information to the Court, only to be reviewed and disclosed if the jury finds a defendant liable. Alternatively, Defendants seek the Court's guidance on alternative Court-approved processes.

**CONCLUSION**

In short, bifurcation of liability and punitive damages is in the best interest of the jurors, court staff, and the parties. Defendants accordingly request the Court bifurcate the issues of liability and punitive damages and permit the submission of evidence by declaration.

Dated: November 13, 2024

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
Deputy City Attorneys

By: */s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY