DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE LAY OPINION AND TESTIMONY REGARDING LACK OF PROSECUTION OF PLAINTIFF**<br><br>Pre-Trial Conf Date: December 13, 2024<br>Time: 8:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom C – 15th Floor<br><br>Trial Date: January 14, 2025 |

**INTRODUCTION**

Defendants move to exclude improper lay opinion. In particular, Defendants anticipate that Plaintiff will attempt to introduce his own lay testimony regarding medical diagnoses, and police practices. Additionally, Defendants seek to preclude evidence and testimony regarding whether

Plaintiff was prosecuted, charged, or convicted for the incident. Defendants request a court order prohibiting this improper testimony.

**LEGAL STANDARD**

Federal courts can rule on in limine basis that certain testimony or evidence is not admissible at trial. *See, e.g.*, *Japan Cash Machine Co., Ltd. v. MEI, Inc.*, No. 2:05-cv-01433-RCJ-RJJ, 2008 WL 11388742, at *1 (D. Nev. Dec. 3, 2008). Although motions in limine are not explicitly authorized by the Federal Rules of Civil Procedure, the Supreme Court has concluded that trial courts can issue such rulings pursuant to their authority to manage trials. *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).

**ARGUMENT**

Plaintiff alleges he suffered injuries purportedly caused by the force used at the time of his arrest. (ECF No. 1 at 4-5.) Plaintiff alleges that he suffered specific medical and mental health issues, including posttraumatic stress disorder. This testimony is hearsay if presented through Plaintiff himself, to the extent it reports diagnoses Plaintiff received from treating physicians, and lay opinion to the extent Plaintiff has diagnosed himself. Federal Rule of Evidence 701 limits testimony from a lay witness in the form of an opinion to those not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Federal courts agree that lay witnesses may not provide an opinion that "requires specialized medical knowledge." *United States v. York*, 600 F.3d 347, 361 (5th Cir. 2010). Such testimony "is not the type of opinion that one could reach as a process of everyday reasoning." *Id.*

Moreover, it is undisputed that Plaintiff has no specialized training or experience with police practices. (Decl. J. Zelidon-Zepeda Supp. Defs. Mots. in Limine, Exh 2 [Navarro Dep. I at 112:7-17].) Plaintiff testified that he has "seen people being arrested before on the street, on TV, in movies and documentaries," but that also does not provide an adequate basis to describe lawful practices, or attempt to provide testimony regarding proper police practices, including proper escort and handcuffing methods. (*Id.* Navarro Dep. I at 113:5-22.) Lay witnesses are not qualified to offer expert opinions of the appropriate use of force and police tactics. Fed. R. Evid. 703; *see also Tan v. City and County of San Francisco*, No. C 08-01564 MEJ, 2010 WL 726985, at *3 (N.D. Cal. Feb. 26, 2010) (lay witness cannot testify whether force used was "excessive, unreasonable, or greater than

necessary"); *Sanchez v. Giles*, No. CV 10-09384 MMM, 2012 WL 13005996, at *17 (C.D. Cal. June 14, 2012) ("Whether the amount of force used was reasonable or excessive is ultimately a question the jury must resolve, and is an appropriate subject for expert, but not lay, opinion testimony.").

Likewise, because Plaintiff has no expertise or training, he can offer no competent testimony regarding the scope or cause of any alleged medical or mental injuries. Any testimony Plaintiff can offer about his alleged diagnoses are either unqualified lay opinion prohibited by Federal Rule of Evidence 701 or hearsay prohibited under Federal Rule of Evidence 802. *Sanchez v. Master Prot., LP*, No. CV 20-8472 PSG, 2022 WL 2092995, at *2 (C.D. Cal. May 4, 2022) ("Plaintiff cannot self-diagnose himself with—or testify as to the symptoms of—depression, anxiety, and insomnia.").

Additionally, the Court should preclude any evidence or testimony regarding whether or not Plaintiff was ultimately charged, prosecuted, or had any criminal court proceedings for his actions during the incident. During his deposition, Plaintiff testified that he was informed that he had to go to court for the charges against him from the incident but that he did not ultimately have to appear, and is not aware of any pending criminal charges against him regarding the incident. (Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine Exh. 2 [Navarro I at 122:15-123:7].) But, as the case law makes clear, such evidence is not relevant in a civil rights action. *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988) ("Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties, since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'") (citation omitted). As the Court of Appeals noted in *Borunda* in similar circumstances, "[t]he fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests." *Id.* at 1389. Indeed, the Ninth Circuit noted that, under Rule 403, it believed "that the admission of such evidence may under certain, if not totally dissimilar, circumstances constitute an abuse of discretion." *Id.*; *see also Monroe v. Griffin*, No. 14-cv-00795-WHO, 2015 WL 5258115, at *4 (N.D. Cal. Sept. 9, 2015) (ruling in limine that "[e]vidence that [the plaintiff] was not prosecuted may not be used to establish defendants' liability.").

/ / /

/ / /

## CONCLUSION

The Court should preclude Plaintiff from providing lay testimony regarding the scope of his medical or mental injuries, the cause of his medical injuries, diagnoses and prognoses, or appropriate police practices. Plaintiff should also be barred from submitting testimony or other evidence that the charges against him from the incident at issue in this action did not lead to a prosecution or conviction.

Dated: November 13, 2024

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
Deputy City Attorneys

By: *\/s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY