**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: (510) 929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiffs

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANTHONY CASTEL NAVARRO, an individual,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.

Defendants.

Case No.: 3:23-cv-02402-SK

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2**

**Date:** October 16, 2026
**Time:** 1:30 p.m.
**Location:** Courtroom C – 15th Floor

Hon. Sallie Kim

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

# I. ARGUMENT

Relevant evidence is generally admissible unless otherwise prohibited by law. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the facts is of consequence in determining the action. Fed. R. Evid. 401. A lay witness may testify in the form of an opinion if the testimony is (a) rationally based on the witness's perception, (b) helpful to clarify understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

In their Second Motion *in Limine*, Defendants ask the Court to preclude Plaintiff from testifying about the injuries he received during the underlying incident, incorrectly claiming that Plaintiff cannot offer competent testimony about the scope of his injuries, or even testify as to the symptoms of his Post Traumatic Stress Disorder. (Defendants MIL No. 2, p.3).

Defendants' request ignores that Plaintiff may properly testify as to the physical and mental symptoms he experiences as a result of the incident, his response to those symptoms, and the information he communicated to his medical providers. *See Stevenson v. Holland*, 504 F.Supp.3d 1107, 1120-21 (E.D. Cal. 2020) (explaining that an injured plaintiff may testify about "his subjective perception of his symptoms (i.e., his physical and mental conditions) as well as his response to those symptoms and any other personal knowledge he has based upon his own perceptions"); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence") (emphasis in original); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) (explaining that even "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition"); *Gray v. Clark*, 654 F.Supp.3d 1062, 1071 (E.D. Cal. 2023) ("Mr. Gray may testify about his own personal

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

experiences, including how he felt before and after his alleged injuries, his symptoms or any physical limitations he experienced").

Plaintiff does not dispute that he may not offer expert testimony regarding medical diagnoses as he has no medical expertise. But the Court should not preclude Plaintiff from testifying about the physical and mental symptoms he experienced as a result of Defendants' conduct, whether those symptoms presented before this incident, his response to those symptoms, how those symptoms affect his life, or any information he communicated to his medical providers. Plaintiff has firsthand knowledge of these matters, and these topics do not call for expert medical opinion.

Likewise, Plaintiff does not dispute that he may not offer expert testimony regarding police practices. During his deposition, Plaintiff testified in response to Defendants' counsel's question that Plaintiff knows "that police aren't supposed to lift you up like this from your handcuffs" and that "they're supposed to support you and treat you like a human being." (Defs' Exhibit 2, 113:1-4[1]). These were responses to questions posed by Defendants' counsel and Plaintiff does not intend to offer these opinions at trial unless Defendants again question Plaintiff about his knowledge of police practices and procedures.

Finally, Plaintiff should be allowed to testify that he was never charged with, or prosecuted for, any crime in relation to this incident if Defendants open the door by claiming Plaintiff committed crimes during this incident. Throughout this litigation, Defendants have characterized Plaintiff as having committed crimes against Officer Horton. *See, e.g.*, Defs' MSJ, ECF No. 42, 16 ("Officer Lubey had probable cause to arrest Plaintiff for two crimes against Officer Horton."). Plaintiff believes that at trial, Defendants will attempt to illicit testimony that

[1] Page and line citations are to the page/lines indicated in Plaintiff's deposition transcript.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Plaintiff committed "crimes," and that Defendant Lubey had probable cause to arrest Plaintiff for "crimes," in an attempt to justify Defendant Lubey's excessive force. If so, evidence that Plaintiff was never charged or prosecuted, and never had any criminal court proceedings, is highly relevant because Plaintiff was merely *suspected* of momentarily obstructing Officer Horton—and only by Defendant Lubey. Without this evidence, the jury may incorrectly believe that Plaintiff *did* in fact commit crimes and was charged and/or convicted in relation to this incident, despite the total lack of evidence supporting the necessary intent element of a P.C. §148(a)(1) charge.

Evidence that a plaintiff's criminal charges were dropped is not categorically inadmissible, particularly where, as here, the reason that a prosecutor declined to pursue charges in not in the record. *See Andrews v. County of Orange*, 2021 WL 6496831, at *5 (C.D. Cal. July 27, 2021) (declining "to enter a broad order prohibiting any reference to t[he] fact" that the plaintiff was not prosecuted where "the reason that the prosecutor declined to charge Andrews is not presently in the record" and "it is not clear that the potential for prejudice outweighs the probative value of testimony or evidence concerning the decision not to charge Andrews"). Therefore, the Court should allow Plaintiff to testify that he was never charged or prosecuted for this incident if Defendants attempt to illicit testimony that Plaintiff committed a crime.

## II. CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests that the Court allow Plaintiff to testify about his subjective perception of his symptoms (i.e., his physical and mental conditions) as well as his response to those symptoms and any other personal knowledge he has based upon his own perceptions. Plaintiff also request the Court permit Plaintiff to testify that he was never charged with a crime or prosecuted in relation to this incident if Defendants illicit testimony that Plaintiff committed a crime.

Dated: September 25, 2026

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

*/s/ Matthew T. Norman*
MATTHEW T. NORMAN
Counsel for Plaintiffs

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400