DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EXPERT OPINION BY PLAINTIFF'S PROFFERED EXPERT DR. GLEN HAAS**<br><br>Pre-Trial Conf Date: December 13, 2024<br>Time: 8:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom C – 15th Floor<br><br>Trial Date: January 14, 2025 |

## INTRODUCTION

Plaintiff disclosed Dr. Glen Haas, to testify regarding "police practices." In effect, Plaintiff seeks to introduce Dr. Haas' opinion that Defendant Lubey's use of force was "unreasonable and unnecessary." (Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine, Exh. 3 [Haas Report at 1].) Plaintiff also proffers Dr. Haas's opinion that Officer Lubey arrested and booked Plaintiff for violating California Penal Code section 148(a)(1) "knowing he did not violate that statute." (*Id.*) Dr. Haas's testimony should be excluded in its entirety because it makes credibility assessments, invades the province of the fact-finder, and he is unqualified to opine on another's subjective state of mind. Further, it is clearly established that experts cannot testify regarding the law.

The Court already ruled that Dr. Haas' "report consists entirely of impermissible expert opinion testimony," because he "opines on ultimate conclusions of law," "opines on witness credibility," and "interprets evidence based on observation," rather than specialized knowledge that can help the trier of fact. (ECF No. 59 at 3 n.1.)

## BACKGROUND

In this civil rights action under section 1983, Plaintiff alleges that Defendant Lubey unlawfully arrested and used excessive force against him, in violation of federal and state law. (*See generally* ECF No. 1.) The case arises from an incident in June 2022, when Plaintiff approached another officer and interfered and delayed him in his performance of police duties. (*Id.*) At issue at trial is whether Plaintiff can establish that his arrest and the force used violated his rights under federal and state law.

Plaintiff disclosed as an expert witness Dr. Haas. Haas' report contains opinions regarding what the evidence demonstrates—or, more accurately—what *he thinks* the evidence demonstrates. (Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine, Exh. 3, Haas Rep. at 10; 34 ["Evidence disproves Lubey's contention he was shoved (battered), and there were no witnesses to corroborate this."]; *id.* [opining "there is evidence to counter such a claim"].) Dr. Haas also purports to testify about what Defendant Lubey *actually* knew during the incident. (*Id.* Haas Rep. at 11 ["Ofc. Lubey's own BWC footage disproves his statements that he was ambushed, pushed, or shoved."]; 34 [concluding that there was no evidence for PC 148 charge and that "Lubey knew this"].) Further, he purports to opine that "Lubey's assertion that Navarro ambushed and shoved him is refuted by available

evidence," and that BWC video "does not support" or otherwise "disproves" what Office Lubey described. (*Id.* Haas Rep. at 10-16.) And Dr. Haas also purports to testify regarding legal interpretations, including the elements of California Penal Code section 148, and the intent required for that offense. (*Id.* Haas Report at 8; 34.)

**LEGAL STANDARD**

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admission of an expert's testimony in federal court. Trial judges act as "gatekeepers" to screen expert evidence for relevance and reliability. *Daubert*, 509 U.S. at 589-90. "Expert testimony is admissible under Fed.R.Evid. 702 if it addresses an issue 'beyond the common knowledge of the average layperson.'" *U.S. v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002).

**ARGUMENT**

Initially, Dr. Haas purports to testify at trial regarding Defendant Lubey's state of mind and knowledge, and regarding his credibility. But it is clear that expert witnesses are not permitted to testify regarding a witness' credibility, because the jury decides questions regarding credibility. *U.S. v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989). "An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility." *Id.*; *U.S. v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995). "It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." *U.S. v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985), *overruled on other grounds*, *U.S. v. Morales*, 108 F.3d 1031, 1035 n.1 (9th Cir. 1997) (en banc). Nor should expert opinion include testimony as to intent, motive, or state of mind. *Hill v. Novartis Pharms. Corp*., No. 1:06-cv-00939-AWI-DLB, 2012 WL 5451816, at *2 (E.D. Cal. Nov. 7, 2012) ("The Court finds this and other testimony regarding Defendant's intent, motives or state of mind to be impermissible and outside the scope of expert testimony."). Here, the Court should bar Dr. Haas from testifying about improper subjects, including opining regarding Officer Lubey knew and what his intentions were. Notably, this Court already ruled that Dr. Haas' expert report "consists entirely of impermissible expert opinion testimony." (ECF No. 59 at 3 n.1.)

Haas' report also contains opinions regarding what *he* thinks the evidence demonstrates. (Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine, Exh. 3 [Haas Rep. at 10; 34 ["Evidence disproves Lubey's contention he was shoved (battered), and there were no witnesses to corroborate this."]; *id.* [opining "there is evidence to counter such a claim"].) He also purports to testify about what Defendant Lubey actually knew during the incident. (*Id.* at Haas Rep. at 11 ["Ofc. Lubey's own BWC footage disproves his statements that he was ambushed, pushed, or shoved."]; 34 [concluding that there was no evidence for PC 148 charge and that "Lubey knew this"].) Among other things, he also purports to opine that "Lubey's assertion that Navarro ambushed and shoved him is refuted by available evidence," and that BWC video "does not support" or otherwise "disproves" what Office Lubey described. (*Id.* at Haas Rep. at 10-16.) This is improper—Haas' assessment and conclusions regarding the evidence are irrelevant and outside the proper scope of expert testimony. This testimony is an invitation to the jury to believe Plaintiff's testimony, which is improper bolstering. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) (doctor's opinion based solely on patient's oral history is nothing more than patient's testimony "dressed up and sanctified"); *cf. Binder*, 769 F.2d at 602 (concluding that expert testimony that complaining witnesses in criminal trial "were able to distinguish reality from fantasy and truth from falsehood" were improper attempt to bolster their credibility and "usurp[ed] the jury's fact-finding function.").

Further, per his report, Haas purports to testify regarding legal interpretations, including the elements of California Penal Code section 148, and the intent required for that offense. (Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine, Exh. 3 [Haas Report at 8; 34].) Expert witnesses cannot testify regarding what the law says. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1207 (9th Cir. 2016) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (citation omitted). Expert witnesses cannot give opinions in the form of legal conclusions. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

**CONCLUSION**

Expert witnesses are not allowed to testify regarding state of mind, the credibility of witnesses, or their interpretation of the law. For these reasons and as set out in this Court's order granting in part

and denying part Defendants' motion for summary judgment, Plaintiff's proffered witness Dr. Haas should be excluded.

Dated: November 13, 2024

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
Deputy City Attorneys

By: */s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY