**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: (510) 929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiffs

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANTHONY CASTEL NAVARRO, an individual,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.

Defendants.

Case No.: 3:23-cv-02402-SK

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**

**Date:** October 16, 2026
**Time:** 1:30 p.m.
**Location:** Courtroom C – 15th Floor

Hon. Sallie Kim

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## I. RELEVANT FACTS

On June 6, 2024, Dr. Glen Anderew Haas prepared an expert report containing his expert conclusions in relation to the incident underlying this case. (Declaration of Jose A. Zelidon-Zepeda ISO Defendants' MILs, Exhibit 4—Dr. Haas's Expert Report ["Haas Rpt."]). Dr. Haas listed his extensive experience in law enforcement training, (*Id.* at 2-6[1]), the extensive documents and information he reviewed, (*Id.* at 6), and his conclusions and the methodology behind those conclusions. (*Id.* at 8-34).

Some of Dr. Haas's conclusions are, admittedly, outside the scope of what Dr. Haas may testify about during trial. However, Dr. Haas properly applied the facts of this case (in the light most favorable to plaintiff) to standard police training and standards and concluded that (1) Defendant Lubey's decision-making during the incident was inconsistent with SFPD practices, (*Id.* at 8), and that (2) Lubey's uses of force were inconsistent with SFPD Policy and generally accepted police standards. (*Id*. at 23). Dr. Haas listed the specific trainings at issue and provided extensive analysis describing how Defendant Lubey's conduct was inconsistent with those standards. (*Id.* at 25-32). For example, Dr. Haas applied Plaintiff's observed conduct when interacting with Officer Horton (such as "Lubey didn't experience any hostility or aggression or describe Navarro as combative") to SFPD General Orders regarding "immediacy of threat" and "reasonable force" and concluded that "a reasonable officer who didn't experience or observe these hostile behaviors would seek out the other person's motivation before forcefully throwing them to the ground and then landing on them." (*Id.* at 25-26).

On November 12, 2024, the Court issued is Order on Defendants' motion for summary judgment and dismissed Plaintiff's false arrest claim, thereby making the existence of probable

[1] Page citations are to the original page numbers from Dr. Haas's report at the bottom of the page.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

cause or discussion of P.C. § 148(a)(1) irrelevant to any of Plaintiff's claims at trial. (ECF No. 59, 8-9).

## II. ARGUMENT

Under Rule 702, a witness may offer expert testimony if it is based on the expert's scientific, technical, or specialized knowledge, is based on sufficient facts, and is the product of applying reliable principles and methods to the facts of the case. Fed. R. Evid. 702. These criteria can be distilled to two overarching considerations: "reliability and relevance." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). The inquiry is "flexible," *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993), and "Rule 702 should be applied with a 'liberal thrust' favoring admission," *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).

As a preliminary matter, Plaintiff notes that in its MSJ Order, the Court did not preclude Dr. Haas from offering any testimony at trial. (ECF No. 59 ["MSJ Order"], 3 n.1). Instead, the Court "decline[d] to consider Haas's report" for the purposes of Defendants motion for summary judgment. (*Id.*). Defendants never filed a *Daubert* motion but instead waited to raise issues with Dr. Haas's report in their MSJ reply brief, thereby depriving Plaintiff of the opportunity to respond to their arguments. (ECF No. 51 ["Reply Brief"], 1-4); *see also Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (explaining that it is improper to raise new arguments in a reply brief because the opposing party is deprived of an opportunity to respond); *Ruiz v. Fernandez*, 949 F.Supp.2d 1005, 1063 (E.D. Wash. 2013) ("a party may not raise new legal issues for the first time in its reply brief").

Now, in their Motion *in Limine* No. 3, Defendants challenge the scope of Dr. Haas's purported testimony as invading the province of the Court and jury. Plaintiff does not dispute that Dr. Haas may not testify about Defendant Lubey's state of mind, make credibility

determinations, resolve disputed facts, or conclude that Defendant Lubey's uses of force were "unreasonable" or "excessive." Plaintiff likewise does not oppose the Court precluding Dr. Haas from testifying about probable cause or P.C. § 148, as those topics are irrelevant at trial since the Court dismissed Plaintiff's false arrest claim and the existence of probable cause has no bearing on whether Defendant Lubey's force was reasonable or in response to Plaintiff's protected speech.

However, Defendants appear to request that Dr. Haas be excluded from offering *any* opinions at trial, ignoring Dr. Haas's conclusions about officer training and whether Defendant Lubey's conduct comported with that training, which Dr. Haas is undoubtedly qualified to give. *See e.g.*, *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (noting that "[a] rational jury could rely upon such evidence [*i.e.*, whether the officers' conduct comported with standards and training] in assessing whether the officers' use of force was reasonable"); *Garcia v. County of Riverside*, 2019 WL 4282903, at *12 (C.D. Cal. June 7, 2019) (stating that expert "may testify about hypothetical situations" and "whether the actions of Defendants complied with applicable law enforcement procedures," including "the reasons why the actions of Defendants did not comply with applicable procedures"); *Zeen v. County of Sonoma*, 2018 WL 3769867, at *3 (N.D. Cal. Aug. 9, 2018) (permitting expert to testify "about police procedures or what a hypothetical reasonable officer might have done"); *Cooke v. City of Stockton*, 2017 WL 6447999, at *5 (E.D. Cal. Dec. 18, 2017) (stating that expert "may within the scope of his expertise opine as to whether defendants complied with applicable procedures on the night of the incident," and expert's "opinions may be explored through hypothetical questioning"); *Estate of Creach v. Spokane County*, 2013 WL 12177099, at *4 (E.D. Wash. May 2, 2013) (stating that expert "may testify in terms of whether [Deputy's] actions comported with police practices and procedures").

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Defendants do not challenge Dr. Haas's qualifications to testify as an expert on police standards and training, likely because Dr. Haas's report makes clear that he has the necessary experience to opine on police practices issues. (Haas Rpt., p. 2-6).

Defendants likewise do not challenge Dr. Haas's methodology in forming his conclusions. Regardless, Dr. Haas demonstrated sound methodology in reviewing sufficient evidence, applying the facts of the case (in the light most favorable to Plaintiff) to Defendant Lubey's training, and concluding that Defendant Lubey's takedown and chosen escort method did not comport with his training. (Haas Rpt. 25-32).

Although Defendants seem to characterize Dr. Haas's conclusions as invading the province of the jury, expert testimony is "not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Rather, "such questions [about ultimate issues] should be posed to expert witnesses though hypothetical questions. 'Assuming this set of facts, might a reasonable officer conclude or do X?' Experts cannot tell the jury, point blank, that a given defendant 'used excessive force' or 'acted unreasonably.'" *May v. San Mateo County*, No. 16-cv-00252-LB, 2017 WL 2305160, at *9 (N.D. Cal. May 26, 2017). Plaintiff does not intend to illicit testimony from Dr. Haas that Defendant Lubey's force was "excessive" or "unreasonable", but instead that hypothetical conduct (matching Plaintiff's interpretation of Plaintiff's and Lubey's conduct) did or did not comport with police standards and training.

## III. CONCLUSION

For all the aforementioned reasons, the Court should allow Dr. Haas to testify at trial about police training/standards and permit Haas to respond to hypothetical questions, closely matching the disputed facts of the case, and offer his opinion about whether the hypothetical

officer's actions comport with standard police practices and training. Plaintiff does not oppose the Court precluding Dr. Haas from offering testimony on: (1) the existence of probable cause; (2) Penal Code § 148(a)(1); (3) Defendant Lubey's state of mind; or (4) that Defendant Lubey's use of force was "unreasonable" or "excessive".

Dated: September 25, 2026

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

*/s/ Matthew T. Norman*
MATTHEW T. NORMAN
Counsel for Plaintiffs

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400