DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THIRD PARTY SUBJECTIVE IMPRESSIONS**<br>Pre-Trial Conf Date: December 13, 2024<br>Time: 8:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom C – 15th Floor<br><br>Trial Date: January 14, 2025 |

## INTRODUCTION

Defendants move in limine to exclude Plaintiff from introducing evidence and argument related to third party subjective impressions. Specifically, Defendants anticipate that Plaintiff will attempt to elicit testimony of Officer Horton regarding his subjective impressions as to whether

Plaintiff posed a threat to Horton or other officers during the incident. Such testimony is inadmissible under Federal Rules of Evidence 402 and 403.

## LEGAL STANDARD

Rule 402 of the Federal Rules of Evidence prohibits the admission of evidence that does not tend to make any fact of consequence more or less likely. Rules 402 and 403 limit admissible evidence to relevant evidence and exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Courts have "broad discretion in deciding what evidence is relevant, reliable, and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001). When the evidence is of minimal probative value, even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that evidence. *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011).

## ARGUMENT

Plaintiff should not be permitted to introduce any evidence of, or argument about, Officer Horton's subjective impressions regarding whether Plaintiff posed a threat. At his deposition, Officer Horton was asked regarding his impressions:

Q: Did you feel that you were under attack when Mr. Navarro grabbed you?

A: No. But my concern was also with the guy on the light pole, so…

Q: Okay. Did you feel that you were in danger when Mr. Navarro grabbed you?

A: No.

---

Q: Were you still concerned about where Navarro was after moving him to the side?

A: No. My concern was the individual on the light pole.

---

Q: Did you feel as if Mr. Navarro was going to ambush you when he grabbed you?

A: No.

Q: Okay. Did you feel as if Mr. Navarro was going to ambush you when you pushed him – sorry – when you moved him to the side and began walking toward the light poles?

A: No.

(Decl. J. Zelidon-Zepeda Supp. Defs.' Mots. in Limine, Exhibit 4 [Horton Dep. at 24: 3-9; 26: 1-4; 28: 4-11].)

Officer Horton's subjective impressions have no bearing on the relevant inquiry, i.e.—whether Officer Lubey had probable cause to arrest Plaintiff. "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City and Cnty of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001) (citation omitted). The inquiry is not whether Plaintiff actually committed the offense. Rather, it centers on whether a reasonable officer—here Defendant Lubey— had probable cause to think that the suspect could have committed the offense. *Blankenhorn v. City of Orange*, 485 F.3d 463, 475 (9th Cir. 2007) (arresting officers had probable cause to arrest plaintiff for trespassing under the circumstances known to the officers.) Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts *known to the arresting officer* at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing to *Maryland v. Pringle*, 540 U.S. 366 (2003) (emphasis added). "The arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck*, 543 U.S. at 152. In short, the question before the jury is limited to whether Officer Lubey had probable cause to arrest Plaintiff given the facts and circumstances known to Officer Lubey. Whether Officer Horton *felt* that he was under attack, *felt* in danger, or *felt* threatened by Plaintiff is irrelevant to determining whether Lubey had probable cause to arrest Plaintiff.

Alternatively, even if Horton's subjective impressions are minimally relevant to the legal inquiry, the Court should exclude such testimony under Rule 403 because any probative value is outweighed by the significant risk that Horton's testimony will confuse the issues and mislead the jury. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (probative value in watching band member's reaction to listening to copyrighted song at trial to prove access to that song half a century ago was outweighed by unfair prejudice arising from potential jury confusion between access and substantial similarity in copyright infringement action against band and band members); *Espinoza-Baza*, 647 F.3d at 1190 (probative value of evidence suggesting that defendant's maternal grandfather was born in United States was substantially outweighed by risk that jury might be "misled

in a reaching verdict based on pure speculation[,]" because record was devoid of anything linking grandfather's citizenship status with requirements for defendant's derivative citizenship defense to illegal reentry charges). If presented with Horton's testimony that (1) Horton did not feel "under attack" or "in danger" when Plaintiff grabbed him; (2) Horton was not concerned about Plaintiff's whereabouts after he pushed him to the side and (3) Horton did not believe Navarro was going to ambush him, the jury may be misled into concluding that Lubey therefore had no probable cause to arrest Plaintiff. Further, such evidence may cause the jury to focus on *Horton*'s subjective risk assessment of Plaintiff and distract the jury from the relevant inquiry—i.e., if, under the totality of the circumstances known to Officer Lubey, a reasonable officer in his position would have probable cause to think that Plaintiff committed a crime.

Likewise, Plaintiff should not be permitted to elicit third party testimony as to whether Lubey's use of force was objectively reasonable. Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995). The question in all cases is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting" the arresting officers. *Graham*, 490 U.S. at 397 (internal quotation marks omitted). The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97.

As explained above, the question before the jury is whether Officer Lubey reasonably used force in light of the facts and circumstances confronting him, not Officer Horton or any other third-party. Accordingly, the Court should exclude Officer Horton's subjective impressions as to whether Plaintiff posed a threat. Even if Horton's subjective impressions are deemed minimally relevant, the Court should exclude such testimony because any probative value of Horton's testimony is outweighed by the significant risk that such evidence will confuse the issues and mislead the jury. If presented with Horton's testimony that (1) Horton did not feel "under attack" or "in danger" when

Plaintiff grabbed him and (2) Horton was not concerned about Plaintiff's whereabouts after he pushed him to the side and (3) Horton did not think Plaintiff was going to ambush him, the jury may be misled into concluding that Lubey's use of force was therefore unreasonable. Further, such evidence may cause the jury to focus on Horton's subjective risk assessment of Plaintiff and distract the jury from the relevant inquiry—i.e. if under the totality of the circumstances known to Officer Lubey, his use of force was objectively reasonable.

Finally, permitting Plaintiff to elicit third party subjective impressions as to whether Plaintiff posed a threat would result in undue consumption of time and resources.

## CONCLUSION

For the foregoing reasons, the Court should exclude Officer Horton's and other witness testimony regarding subjective impressions as to whether Plaintiff posed a threat.

Dated: November 13, 2024

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
Deputy City Attorneys

By: *\/s/ Lisa E. Giarratano*
LISA E. GIARRATANO

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY