**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: (510) 929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiffs

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No.: 3:23-cv-02402-SK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4**<br><br>**Date:** October 16, 2026<br>**Time:** 1:30 p.m.<br>**Location:** Courtroom C – 15th Floor<br><br>Hon. Sallie Kim |

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## I. ARGUMENT

Relevant evidence is generally admissible unless otherwise prohibited by law. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the facts is of consequence in determining the action. Fed. R. Evid. 401. A lay witness may testify in the form of an opinion if the testimony is (a) rationally based on the witness's perception, (b) helpful to clarify understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

As an initial matter, it is unclear why Defendants' Motion *in Limine* No. 4 focuses on the existence of probable cause during this incident as a justification for excluding Officer Horton's testimony. In its MSJ Order, the Court determined that Defendant Lubey had probable cause to arrest Plaintiff on suspicion of momentarily delaying Officer Horton from removing an alleged person across the street from a light pole. (Court's MSJ Order, ECF No. 59, 8-9). As a result, the Court dismissed Plaintiff's false arrest claim, making the existence of probable cause irrelevant to Plaintiff's remaining claims.

Defendant's purported justification for excluding Officer Horton's testimony—because it has no bearing on whether Defendant Lubey had probable cause to arrest Plaintiff—is a red herring. Indeed, Defendant's argument requires the improper legal conclusion that an officer who has probable cause to arrest a suspect may slam that suspect face-first into the pavement under any circumstances and without regard for the threat posed by that suspect. Of course, that is not the law.

Instead, the threshold question in any excessive force case is whether the defendant officer's actions were objectively reasonable in light of the facts and circumstances confronting him or her, which must be judged from the perspective of a *reasonable officer on scene*.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

*Graham v. Connor*, 490 U.S. 368 (1989). The "most important" *Graham* factor is whether an individual poses an "immediate threat to the safety of the officer or others." *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011). Therefore, testimony from a non-defendant officer on scene, observing that the plaintiff was not threatening before force was applied, is directly relevant under Federal Rule of Evidence 401 and 402. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (if "what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of event over another is relevant and admissible").

Officer Horton's firsthand observation that Plaintiff was not acting threateningly before his arrest is *highly* probative of what a reasonable officer would conclude when assessing the threat level Plaintiff posed and determining the reasonable amount of force to use in response. *See Hampton v. Flores*, 3:21-cv-09407-SK (impressions of an officer who witnessed the plaintiff's conduct prior to and during another officer's use of force "are probative of 'the perspective of a reasonable officer on the scene[,]" and "[w]hile not dispositive, a jury could find [the observing officer]'s reaction persuasive in determining whether Defendant's use of force was reasonable") (quoting *Graham*, 490 U.S. at 396); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (exclusion of evidence bearing on what a reasonable officer in the defendant's position would have recognized was clear, prejudicial error). Officer Horton's testimony also implicates Defendant Lubey's credibility in claiming to believe Plaintiff was threatening.

Importantly, Officer Horton's determination that Plaintiff was not acting threateningly is not a legal conclusion; it was Horton's lay description summarizing his perception of Plaintiff's conduct and actions.

Defendants claim Horton's testimony should be excluded under Rule 403 because it is

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

confusing or misleading but have not explained *how* this testimony would confuse or mislead a jury without falling back on their irrelevant "probable cause" argument. In reality, Defendants seek to exclude Horton's testimony because it is devastating to Defendants' case, Defendant Lubey's veracity, and the unsupported belief that Plaintiff was so threatening that intermediate, serious force was reasonable under the circumstances.

## II. CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests that the Court DENY Defendants' motion *in limine* No. 4 in its entirety.

Dated: September 25, 2026

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

*/s/ Matthew T. Norman*
MATTHEW T. NORMAN
Counsel for Plaintiffs