**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiff

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, individually;<br><br>Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No.: 3:23-cv-02402-SK<br><br>**PLAINTIFF'S MEMORANDUM RE DISPUTED JURY INSTRUCTIONS** |

//

//

//

//

//

//

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1. **Disputed Jury Instruction No. 1.19 Re QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Defendant's jury instruction suggests to a jury they can ask usurp the attorneys role in the case and examine witnesses. This would lead to a nightmare situation where jurors would start submitting questions to the jury during examination which may be improperly phrased, invade motions in limine, solicit inadmissible testimony and create overall confusion, prejudice and lead to a mistrial. Moreover, it is impractical to have witnesses testify then have jury questions and possibly more examinations to follow up on the inquiries.

2. **Disputed Instruction No. 2.9 Re IMPEACHMENT EVIDENCE—WITNESS**

Defendants' proposed instruction is explicitly for cases where a Plaintiff or witness have perjury and/or criminal convictions. Plaintiff has neither, nor does any proposed witness. Therefore it is irrelevant and used to suggest Plaintiff has a criminal record that does not exist.

3. **Disputed Instruction No. 9.11 Re Particular Rights—First Amendment—"Citizen"**

Defendants attempt to misconstrue Plaintiff's First Amendment claim with sanitized language that he escorted Plaintiff with a method he claims was painful. When the factual basis of the claim is that Defendant used force on Plaintiff because Plaintiff was criticizing him.

4. **Disputed Instruction No. 3066 Bane Act Re Essential Factual Elements (Civ. Code, § 52.1)**

Defendants' proposed instruction leaves out the possibility that Defendant used force with reckless disregard from Plaintiff's constitutional rights. *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 799 (Ct. App. 2017), as modified (Nov. 17, 2017), review denied (Feb. 28, 2018); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018); *S.T. by & through Niblett v. City of Ceres*, No. 116CV01713LJOSAB, 2018 WL 4193192, at *14 (E.D. Cal. Aug. 31, 2018).

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**5. DISPUTED SPECIAL INSTRUCTION NO. 1 Re PROBABLE CAUSE – OFFICER JEFFREY LUBEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF ANTHONY NAVARRO OFFERED BY DEFENDANTS**

Plaintiff's unlawful seizure claim was dismissed so there is no need to give a probable cause instruction.

**6. DISPUTED SPECIAL INSTRUCTION NO. 2 - OFFICERS NOT REQUIRED TO USE LEAST FORCE POSSIBLE OFFERED BY DEFENDANTS**

Defendant's jury instruction to emphasize that an officer need not use the least intrusive force necessary is confusing and can lead to error. First if this was a factor that should be consider the Ninth Circuit Model Jury Instruction 9.27 would have it included as a factor. Secondly, the instruction could be misleading and suggest to a jury that it is automatically law for an officer to use trivial or minimal force but even minimal force can be unlawful. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1094 (9th Cir. 2013) (holding that "the use of non-trivial force of *any kind* was unreasonable" against a suspect "engaged in no behavior that could have been perceived … as threatening or resisting"); *Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2013) ("Resistance, or the reasonable perception of resistance, does not entitle police officer to use *any* amount of force to restrain a suspect … [r]ather, police officers who confront actual (or perceived) resistance are only permitted to use an amount of force that is *reasonable* to overcome that resistance.") (emphasis in original);

And in a case like this where it is undisputed that Defendant used significant force in the form of takedown it could be particularly misleading to suggest to a jury that the force was *per se* reasonable. *See Young v. County of Los Angeles*, 655 F.3d 1156, 1168 (9th Cir. 2011) ("it is unreasonable to use significant force against a suspect who was suspect of a minor crime, posed no apparent threat to officer safety, and could be found not to have resisted arrest"); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003) (holding as clearly established that throwing a

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

suspect to the ground and twisting her arms was excessive when the suspect "did not pose a safety risk" and "the need for force, if any, was minimal at best."); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) ("the officers used excess force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her."); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) ("no reasonable officer could believe that the abusive application of handcuffs was constitutional.").

**7. DISPUTED SPECIAL INSTRUCTION NO. 3 – OFFICERS NOT LIABLE FOR USE OF REASONABLE FORCE THAT CAUSES INJURY OFFERED BY DEFENDANTS**

Defendant's jury instruction is unnecessary and confusing. The model jury instructions already task the jury to find the officer used excessive force which will also be the first question on the verdict form. Therefore there is no risk of a jury finding the officers are liable for reasonable force that causes injuries.

The apparent goal of this jury instruction is to mislead the jury and suggest that force that causes injury is reasonable which is legal error. More importantly, the parties Stipulated Jury Instruction No. 9.27 instructs the jury in evaluation the force to consider "the extent of plaintiff's injury" in factor (6) and this jury instruction appears to instruct the jury to *disobey* the model instruction and disregard the injury.

**8. DISPUTED SPECIAL INSTRUCTION NO. 4 - LACK OF COOPERATION CAN JUSTIFY USE OF FORCE OFFERED BY DEFENDANTS**

Defendant's jury instruction that suggests lack of cooperation that justify significant force to the jury is not only question but outright legal error. *Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012) ("“A failure to fully or immediately comply with an officer's orders neither rises to the level of active resistance nor justifies the application of a non-trivial amount of force."); Davis v. City of Las Vegas, 478 F.3d 1048, 1056 (9th Cir. 2007) ("Although Davis was

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

somewhat uncooperative and resisted Officer Miller's attempts to search his pockets, . . . Davis was neither actively resisting arrest or attempting to flee."); Wade v. Fresno Police Dept., 2012 WL 253252 at *11 (E.D. Cal. Jan. 25, 2012) ("When the circumstances show that there is no need for force, any force used is constitutionally unreasonable.")

Even "reactive defensive movement" does not necessarily justify force much less significant force. *Sants v. Seipert*, 2021 WL 465292 (E.D. Cal. Feb. 9, 2021); *Stauffer v. City of Newberg,* 2020 U.S. Dist. LEXIS 94882, 2020 WL1861675, at *10 (D. Or. Mar. 20, 2020) ("An Oregon district court found that even tripping a suspect and taking him 'to the ground' could be an excessive response to the suspect's 'spinning towards [the officer] and attempting to pull away").

9. DISPUTED SPECIAL INSTRUCTION NO. 5 – ARREST OR DETENTION – USE OF REASONABLE FORCE – DUTY TO SUBMIT OFFERED BY DEFENDANTS

Defendant's instruction is already covered in the CACI instructions for battery and negligence. To have a separate instruction is not only redundant but suggests improper weight and misleads the jury to believe one factor matters more than the other in considering if Defendant used excessive force. Moreover, it is redundant of their own instruction regarding retreat. Finally, they cite only criminal jury instructions – which have nothing to do with a civil jury trial.

10. DISPUTED SPECIAL INSTRUCTION NO. 6 - OFFICERS MAY REASONABLY RELY ON INFORMATION FROM OTHER LAW ENFORCEMENT SOURCES OFFERED BY DEFENDANTS

This is an utterly irrelevant instruction. Defendant Lubey did not even purport receive any instructions to arrest or use force on Plaintiff. Moreover, this is an instruction related to criminal cases and arrests.

11. DISPUTED SPECIAL INSTRUCTION NO. 7 - NO DUTY TO RETREAT OFFERED BY DEFENDANTS

Defendant's instruction is already covered in the CACI instructions for battery and negligence. To have a separate instruction is not only redundant but suggests improper weight and misleads the jury to believe one factor matters more than the other in considering if Defendant used excessive force

12. DISPUTED SPECIAL INSTRUCTION NO. 8 - MOTIVATION OF OFFICER IRRELEVANT OFFERED BY DEFENDANTS

Defendant's instruction conflicts with the Bane Act and Retaliatory Force instructions that instruct the jury to consider the officer's intent when using force. It also conflicts with Ninth Circuit Model Jury Instruction 9.27 Re Excessive Force which instructs the jury to consider the force from the perspective of a reasonable officer.

13. DISPUTED SPECIAL INSTRUCTION 9 - LAW ENFORCEMENT OFFICERS HAVE DISCRETION IN DETERMINING THE TYPE AND AMOUNT OF FORCE TO APPLY OFFERED BY DEFENDANTS

Again, Defendants have proposed an instruction that failed to define important terms: type and level. It also suggests to a jury – without any explanation – an officer can use *any type* of force (gun, taser, baton, handcuffing) and will ultimately lead to legal errors (e.g. Defendant could have shot Plaintiff rather than use a takedown technique, or verbal commands).

14. DISPUTED SPECIAL INSTRUCTION NO. 10: TOTALITY OF THE CIRCUMSTANCES OFFERED BY DEFENDANTS

Ninth Circuit Model Jury Instruction 9.27 Re Excessive Force already covers the "totality of the circumstances". To have a separate instruction is not only redundant but suggests improper weight and misleads the jury to believe one factor matters more than the other in considering if Defendant used excessive force.

15. DISPUTED SPECIAL INSTRUCTION NO. 11 - CRIMES UNDER CALIFORNIA LAW OFFERED BY DEFENDANTS

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

The jury is called to decide whether Defendant used excessive force in detaining/arresting Plaintiff. There is no unlawful seizure claim any longer therefore having a jury consider penal code crimes is distracting, unnecessary and irrelevant.

16. DISPUTED SPECIAL INSTRUCTION NO. 12 – OFFICER CAN LAWFULLY CONSIDER ARRESTEE'S PROTECTED SPEECH TO ASSESS LEVEL OF THREAT POSED OFFERED BY DEFENDANTS

First, the instruction is extremely confusion. Secondly, there is no definition of "security mesures" or why that applies in this factual scenario. More importantly, any assessment of threat in Plaintiff's speech is covered in the Ninth Circuit Model Jury Instruction 9.27 Re Excessive Force.

17. DISPUTED SPECIAL INSTRUCTION NO. 13 - QUALIFIED IMMUNITY OFFERED BY DEFENDANTS

Defendant's special interrogatories are improper for several reasons. For example, they present factual questions that require a jury to find a specific characterization of the facts without offering an alternative – both of which could lead to denial of qualified immunity.

For example, question #2 under the category of excessive force asks: Before Defendant Jeffrey Lubey took Plaintiff Anthony Navarro to the ground, did Plaintiff make physical contact with Defendant's body while walking in Defendant's blind spot?

It does not define physical contact or blind spot. Moreover, Plaintiff could have done both and still prevail under qualified immunity of his excessive force claim (e.g. if Plaintiff's clothing brushes Defendant, under the law he cannot slam him head first into the ground). More importantly, the 12 factual questions Defendants have proposed are confusing, fail to illuminate qualified immunity and will cause juror confusion.

Finally, Defendants propose to have the jury provide a verdict *and deliberate* a 2nd time to answer their confusing, legally impermissible factual questions which is a complete waste of Court resources and the jury's time.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Dated: October 2, 2026

Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ Patrick Buelna*
PATRICK BUELNA
Attorney for Plaintiff

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400