DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Telephone: (415) 554-4256 [Bearman]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org
E-Mail: kate.bearman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND JEFFREY LUBEY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANTS' EXPERT RACHEL DEMPSEY'S UNDISCLOSED REPORT**<br><br>Trial Date: November 17, 2026 |

## INTRODUCTION

Plaintiff retained psychotherapist Natalie Jones as an expert witness, putting his mental health at issue. In response, Defendants retained Dr. Rachyll Dempsey, a psychologist with years of

experience in mental health assessments. Dr. Dempsey performed a mental examination of Plaintiff under Federal Rule of Civil Procedure 35, and prepared a report summarizing her findings. Dr. Dempsey also reviewed the Rule 26 report by Dr. Jones, and prepared a rebuttal report. Both Dr. Dempsey's Rule 35 report and rebuttal report were timely disclosed to Plaintiff. Plaintiff now seeks an in limine order, precluding the testimony of Dr. Dempsey at trial. Plaintiff's argument is two-fold: (1) Dr. Dempsey "did not disclose her apportionment opinion in her report" (Mot. at 3); and (2) Dr. Dempsey's proffered opinions on apportionment are not proper rebuttal. (*Id.* at 4.) Both arguments fail. Dr. Dempsey's rebuttal report and Rule 35 report discussed apportionment and the importance of Plaintiff's pre-existing mental health issues. And, under the case law, Dr. Dempsey's rebuttal report properly addresses problems with Plaintiff's disclosed psychologist and her opinions in this case.

Defendants do not intend to proffer any opinions at trial from Dr. Dempsey regarding *specific numerical* apportionment figures.

## BACKGROUND

### A. Dr. Dempsey's Rule 35 and Rebuttal Reports Both Discuss Plaintiff's Pre-Existing Mental Health Issues and Apportionment.

Plaintiff disclosed Dr. Natalie Jones, who opined regarding Plaintiff's mental health issues. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. C.) Dr. Jones concluded that Plaintiff "meets the diagnostic criteria for postraumatic stress disorder," and that his "symptoms of postraumatic stress were exacerbated by his arrest with use of force" on the day of the incident. (*Id.* at 1.) In response, Defendants timely disclosed Dr. Rachyll Dempsey as a rebuttal expert on August 9, 2024. Dr. Dempsey's rebuttal report discusses problems with the expert report and opinion of Dr. Jones. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. B at 9.) One of these issues is the fact that "relevant details appear to be missing from [Dr. Jones'] report which would assist any credible evaluator in diagnosing PTSD and/or *apportioning exacerbation of symptoms* if relevant." (*Id.* at 2, emphasis added.) Likewise, Dr. Dempsey noted the importance of apportionment in assessing what impact (if any) the June 16, 2022 incident at issue in this case had on Plaintiff's alleged symptoms, as opposed to the symptoms being attributable to pre-existing conditions. (*Id.* at 3 ["Overall, while many elements are included in Dr. Jones' report to

support a diagnosis of PTSD, in forensic reports it is imperative to include all information that could be relevant for where the diagnosis came from and what percentage was due to possible exacerbation if a diagnosis was pre-existing."].) Accordingly, it is clear that the issue of apportionment and the effect of pre-existing conditions was raised by Dr. Dempsey in her timely rebuttal report.

Dr. Dempsey also performed a mental examination of Plaintiff under Federal Rule of Civil Procedure 35 on July 24, 2024, after which she concluded that "the majority of Mr. Navarro's symptoms can be attributed to his pre-existing diagnoses." (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. A at 9.) She administered a number of standardized psychometric tests, including the Minnesota Multiphasic Personality Inventory, the Morel Emotional Numbing Test, the Millon Clinical Multiaxial Inventory, and the Adverse Childhood Experiences Questionnaire for Adults, as well as reviewed Plaintiff's medical/mental health records and deposition testimony. (*Id.* at 1-2.) On August 14, 2024, Dr. Dempsey prepared a report regarding her mental examination, which was provided to Plaintiff's counsel. (*Id.*) In her mental examination report, Dr. Dempsey concluded (among other things) that Plaintiff "has many symptoms in common with PTSD, including avoidance behavior, ruminations, intrusive thoughts of traumatic events, and fear responses," and that "[t]hese were pre-existing symptoms which the May 2024 [*sic*] incident contributed to." (*Id.* at 9.) Ultimately, Dr. Dempsey concluded "based on all available information and supported by testing, Mr. Navarro meets criteria for PTSD," but "opines within a reasonable degree of psychiatric certainty that Mr. Navarro's disability of PTSD was pre-existing to the subject incident." (*Id.*)

**B. The Issue of Apportionment Was Discussed During Dr. Dempsey's Deposition.**

Dr. Dempsey was deposed on September 6, 2024. At her deposition, Dr. Dempsey explained the flaws in Dr. Jones' expert report: "in Dr. Jones's report, it appeared that she had completed her testing specifically with what doctors consider more of a confirmation bias, in that her tests that she chose were all surrounding the conclusion of post-traumatic stress disorder, and she had instructed Mr. Navarro to consider only the incident as germane to the testing that she had done." (Decl. of P. Buelna Supp. Pl.'s Mot. in Limine No. 1 Exh. 1 at 10: 22-11:3.) Dr. Dempsey further explained that, based on her psychometric tests, Plaintiff "had preexisting diagnosis of PTSD, which was confirmed with

Kaiser records, and that the resurgence of any symptoms were minimal from the incident." (*Id.* 11:11-18.) Dr. Dempsey was also asked about apportionment and provided numerical figures. (*Id.* 36:14-37:2.) Plaintiff's counsel specifically asked Dr. Dempsey how she derived these figures. (*Id.* 43:1-8; 53:5-15.) These specific numerical figures were not discussed in her rebuttal report. Nevertheless, Plaintiff had a chance to ask her about these figures during the deposition.

## ARGUMENT

### I. Dr. Dempsey's Rule 26 Report Properly Disclosed Her Opinions Regarding Apportionment.

Plaintiff argues that Dr. Dempsey did not disclose her apportionment opinion in her report. (Mot. at 3-4.) The record belies that.

On August 9, 2026, Defendants disclosed Dr. Dempsey's Rule 26 Report, which set forth her opinions regarding apportionment of Plaintiff's mental health issues. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. B.) Dr. Dempsey's Rule 35 report similarly discussed Plaintiff's mental health issues, and the extent to which they are related to the June 16, 2022 incident, as opposed to pre-existing conditions. (*Id.* Exh. A.) As part of her rebuttal report, Dr. Dempsey discussed problems with the expert report and opinions of Plaintiff's retained expert, Dr. Jones. One of these issues is the fact that "[m]any relevant details appear to be missing from [Dr. Jones'] report which would assist any credible evaluator in diagnosing PTSD and/or *apportioning exacerbation of symptoms* if relevant." (*Id.* Exh. B at 2, emphasis added.) Likewise, Dr. Dempsey noted that apportionment was relevant to assess what impact (if any) the incident had on Plaintiff's symptoms. (*Id.* at 3.) Plaintiff questioned Dr. Dempsey regarding these apportionment issues at her deposition. (Decl. of P. Buelna Supp. Pl.'s Mot. in Limine No. 1 Exh. 1 at 43:1-45:4.) Thus, it is clear that the issue of apportionment and the effect of pre-existing conditions was disclosed in Dr. Dempsey's Rule 26 rebuttal report and her Rule 35 report. Plaintiff's Motion in Limine Number 1 should be denied.

### II. Contrary to Plaintiff's Arguments, Apportionment Is Proper Rebuttal Testimony.

Plaintiff additionally argues that Dr. Dempsey's opinions on apportionment are not proper rebuttal under the law, and should have been disclosed in a case-in-chief report. (Mot. at 4-5.) That argument fails.

Under the case law, a rebuttal opinion is proper even where it discusses something that another expert *did not* consider. As other courts have noted, "the relevant inquiry is whether a responding expert witness limits himself to 'poking holes' in the Plaintiffs' expert report, or whether the Defendants' experts are, perhaps in addition to 'poking holes,' offering new theories or addressing topics not directly presented in Plaintiffs' original experts' opinions." *Zucchella v. Olympusat, Inc.*, No. CV 19-7335 DSF (PLAx), 2023 WL 2628107, at *12 (C.D. Cal. Jan. 10, 2023) (citations omitted). Here, Dr. Dempsey's opinions regarding Dr. Jones' report are fair game—they are addressing the viability of Dr. Jones' conclusion that Plaintiff's alleged mental health issues are wholly attributable to the incident. As Dr. Dempsey explained in her rebuttal report and during her deposition, Plaintiff's psychological expert focused on the incident at issue in this case as *the sole* cause of Plaintiff's mental health issues. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. B at 2-3.) But Plaintiff has various pre-existing traumatic incidents. Based on Plaintiff's medical records and history, it is apparent that these prior incidents led to Plaintiff's PTSD symptoms. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. A at 9.)

Plaintiff's psychology expert concluded that the June 16, 2022 incident led to Plaintiff's PTSD, without consideration of whether it was caused in part by pre-existing mental health issues. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1, Exh. C at 11-12; *id.* at 8 ["Mr. Navarro's experience of being arrested with use of force does meet the criteria for PTSD due to his symptoms and posttraumatic stress level being in the severe range"].) Dr. Dempsey's contrary opinions in this respect are germane, and proper rebuttal. *See, e.g., Van Maanen v. Youth With a Mission-Bishop*, No. 1:10-cv-00493 AWI JLT, 2011 WL 5838185, at *3 (E.D. Cal. Nov. 21, 2011) (denying motion to exclude rebuttal expert opinion, concluding that "Defendant's rebuttal expert does not offer any new theories or address topics unrelated [to] Plaintiff's expert's opinion. Instead, it merely 'pokes holes' in the amount that the life care plan items will cost Plaintiff."); *see also Spring Creek Exploration & Production Co., LLC v. Hess Bakken Investment II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *7 (D. Colo. April 21, 2016) (assessing a rebuttal expert's opinion "to evaluate whether it can fairly be characterized as a corrective opinion directed at generally debunking the original expert's method or a truly different model all together, bearing little or no resemblance to

the first expert's professed methodology."). Here, Dr. Dempsey's timely-disclosed report discusses flaws in Dr. Jones' assessment of Plaintiff's mental health issues and their causes, and thus is proper rebuttal testimony.

Alternatively, Plaintiff argues that Dr. Dempsey's opinion regarding Dr. Jones' lack of apportionment should be excluded because she should be "viewed as an initial expert who was not timely designated and whose testimony may be struck by the Court" under the Rules. (Mot. at 4.) Not so—Dr. Dempsey's opinion on apportionment in her timely-disclosed report are clearly addressed to Dr. Jones' conclusions that Plaintiffs' mental health issues are wholly attributable to the incident at issue in this case, as opposed to pre-existing conditions or events after the incident. *Cf. Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (in Rule 26 context, concluding that "defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."). Notably, Defendants only retained Dr. Dempsey after Plaintiff put his mental health at issue through the disclosure of a psychological expert witness. (Decl. J. Zelidon-Zepeda Supp. Defs.' Opp. to Pl.'s Mot. in Limine No. 1 ¶ 5.)

As a last-ditch effort, Plaintiff contends that "Dr. Dempsey agreed that her apportionment opinion was not in rebuttal to Plaintiff's expert at all." (Mot. at 3.) But Dr. Dempsey is not an attorney, and her statement in this regard is a layperson's opinion. Expert witnesses cannot opine regarding the law. *See, e.g, A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1207 (9th Cir. 2016). And the scope of proper rebuttal is a question *of law* for the Court's determination. Plaintiff's counsel's tendentious questions to a non-lawyer are not controlling on the issue of whether the opinions at issue are proper rebuttal. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

**CONCLUSION**

For these reasons, Defendants do not oppose Plaintiff's Motion in Limine Number 1 to the extent Plaintiff seeks to exclude opinions at trial regarding *specific numbers* of apportionment. But the Court should reject the Motion to the extent Plaintiff seeks to exclude Dr. Dempsey's opinion about

apportionment generally, or Dr. Dempsey's opinions as set out in her rebuttal and Rule 35 report as well as her deposition testimony.

Dated: September 25, 2026

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
KATHERINE B. BEARMAN
Deputy City Attorneys

By: *\/s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

**PROOF OF SERVICE**

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On September 25, 2026, I served the following document(s):

**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND JEFFREY LUBEY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANTS' EXPERT RACHEL DEMPSEY'S UNDISCLOSED REPORT**

on the following person(s) at the locations specified:

Adante D. Pointer, Esq.
Patrick M. Buelna, Esq.
Lateef H. Gray, Esq.
Pointer & Buelna, LLP
Lawyers for the People
155 Filbert Street, Suite 208
Oakland, CA 94607
*admin@lawyersftp.com*
*apointer@lawyersftp.com*
*pbuelna@lawyersftp.com*
*lgray@lawyersftp.com*
*mmonroe@lawyersftp.com*
*cgalvan@lawyersftp.com*

Attorneys for Plaintiff

(510) 929-5400 (Telephone)

in the manner indicated below:

☒ **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted via electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: annamarie.davis@sfcityatty.org. I caused the documents to be sent to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed September 25, 2026, at San Francisco, California.

ANNAMARIE DAVIS