DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Telephone: (415) 554-4256 [Bearman]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org
E-Mail: kate.bearman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND JEFFREY LUBEY'S PROPOSED SPECIAL INTERROGATORIES**<br><br>Hearing Date: October 16, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom C – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Trial Date: November 17, 2026 |

**Proposed Special Interrogatories**

Defendants request that the Court submit the following special interrogatories to the jury, if the jury finds for Plaintiff on his constitutional claims. *See, e.g.*, *Morales v. Fry*, 873 F.3d 817, 819, 824 (9th Cir. 2017) ("[T]he 'clearly established' prong of the qualified immunity analysis" is "a question of law that must ultimately be decided by a judge," but "special interrogatories to the jury can be used to establish disputed material facts" to aid the court's legal analysis); *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1086 (9th Cir. 2017) ("[T]he decision whether to submit special interrogatories to the jury is a matter committed to the discretion of the district court." (internal quotation marks omitted) (quoting *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999)).

Introductory instructions: "You must deliberate on each question and answer each question "yes" or "no." Your answer to each question must be unanimous."

<u>Excessive Force</u>

1. Did Plaintiff Anthony Navarro push or shove Defendant Jeffrey Lubey before Defendant Jeffrey Lubey took him to the ground?
2. Before Defendant Jeffrey Lubey took Plaintiff Anthony Navarro to the ground, did Plaintiff make physical contact with Defendant's body while walking in Defendant's blind spot?
3. Did Defendant Jeffrey Lubey warn Plaintiff Anthony Navarro to get back before he took him to the ground?
4. Did Defendant Jeffrey Lubey perceive that he needed to use force to restrain Plaintiff Anthony Navarro?
5. Did Defendant Jeffrey Lubey perceive that Plaintiff Anthony Navarro posed a safety threat to him, the other police officers, or members of the public?
6. Did Defendant Jeffrey Lubey perceive that the type and amount of force he used on Plaintiff Anthony Navarro was necessary under the circumstances?

<u>Retaliation</u>

1. Did Plaintiff Anthony Navarro try to stand up while waiting on the sidewalk, despite orders to stop doing so?

2. Did Plaintiff Anthony Navarro try to reach into his pockets while waiting on the sidewalk in handcuffs?
3. Did Defendant Jeffrey Lubey perceive that his escort method was necessary under the circumstances?
4. Did Defendant Jeffrey Lubey believe the escort method would prevent Plaintiff Anthony Navarro from spitting blood on him, trying to escape, or reaching into his pockets?
5. Could a reasonable officer in Defendant Jeffrey Lubey's position have deemed that the escort method was necessary given the situation confronted?
6. Did Defendant Jeffrey Lubey reasonably perceive a potential threat to himself or other police officers from Plaintiff Anthony Navarro's speech and conduct while waiting on the sidewalk in handcuffs?