United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CASTEL NAVARRO,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 23-cv-02402-SK

**ORDER REGARDING MOTIONS IN LIMINE**

Regarding Docket Nos. 94, 105, 106, 107, 108

The Court rules on the following motions in limine.

**1. Defendants' Motion *in Limine* No. 1**

Defendants move for a court order bifurcating the issue of punitive damages from liability issues. (Dkt. No. 105.) Plaintiff does not oppose bifurcation. (*Id.*, p. 1.) This motion is now MOOT because Plaintiff is withdrawing his claim for punitive damages.

**2. Defendants' Motion *in Limine* No. 2**

Defendants move to exclude the improper lay opinion they anticipate Plaintiff will introduce regarding the medical diagnoses he received after the incident and police practices. (Dkt. No. 106.) The motion is GRANTED to the extent that Plaintiff offers an opinion about the cause of his medical problems or an opinion about whether the police officers' actions were appropriate. Plaintiff may testify, though, about his medical condition as a layperson, i.e., his description of his medical problems. Plaintiff's counsel stated at the pretrial conference that Plaintiff does not intend to proffer an opinion about whether the police officers' actions were appropriate.

Defendants also seek to preclude Plaintiff's testimony as to whether he was charged with a crime or prosecuted for the incident. (*Id.*) The motion is GRANTED.

United States District Court
Northern District of California

**3. Defendants' Motion *in Limine* No. 3**

Defendants move to exclude the expert testimony of Glen Haas on the grounds that Haas makes credibility assessments, invades the province of the factfinder, and speaks to the state of mind of Defendant Lubey. (Dkt. No. 107.) The Court GRANTS IN PART and DENIES IN PART the motion. Haas may testify that he believes that three policies are at issue but may not opine on any other issue regarding those policies. The Court RESERVES ruling on the opinion regarding the quantum of force used against the Plaintiff. Plaintiff may attempt to establish that Haas is qualified to testify about this issue, and Defendants may cross-examine him, before the Court issues a final ruling.

**4. Defendants' Motion *in Limine* No. 4**

Defendants move to exclude Plaintiff from eliciting the testimony of Officer Horton regarding his observations as to whether Plaintiff posed a threat to the officers during the incident. (Dkt. No. 108.) The Court DENIES the motion.

**5. Plaintiff's Motion *in Limine* No. 1**

Plaintiff moves to exclude expert the opinions of Rachel Dempsey, Ph.D., on apportionment of harm. (Dkt. No. 94.) Plaintiff argues that Dempsey should not be able to provide numerical percentages for pre-existing harm and harm caused by the incident in question. Defendants' counsel stated at the pretrial conference that they do not intend to ask Dempsey about the numerical percentages. Therefore, this issue is MOOT.

**IT IS SO ORDERED**.

Dated: October 16, 2026

Sallie Kim

SALLIE KIM
United States Magistrate Judge