**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: MMonroe@LawyersFTP.com

Attorneys for Plaintiff

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, individually;<br><br>Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No.: 3:23-cv-02402-SK<br><br>**PLAINTIFF'S MOTION TO FILE HIS CONFIDENTIAL DECLARATION UNDER SEAL**<br><br>Date: November 13, 2026<br>Time: 9 AM<br>Crtrm: Zoom Hearing |

//

//

//

//

//

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## I. FACTUAL CONTEXT

On December 17, 2025, the Court set this case to proceed to trial on November 17, 2026. (ECF 72). On October 16, 2026, the Court held a pretrial conference. Plaintiff's counsel, Patrick Buelna, is the lead trial counsel. He attended the pretrial conference hearing alone and argued the appellate hearings himself.

At the pretrial conference, Plaintiff's counsel expressed that he had a personal family issue that may interrupt the trial and cause a continuance.

That same day, Plaintiff's counsel advised Defendants' of the issue and an event that had occurred the night before that almost caused him to have to cancel the pretrial conference. (Confidential Declaration of Patrick Buelna). Since the pretrial conference, Plaintiff's counsel's personal issue has developed into a situation in which he cannot attend the trial.

Plaintiff's counsel advised the Court and counsels of this issue the evening of November 9, 2026 which is when the issue became unavoidable and irremediable as described in Plaintiff's Counsel's confidential declaration.

Nonetheless, Defendants have indicated they oppose the request to continue the trial. Plaintiff's counsel simply cannot attend the trial despite his best effort within his power to proceed with trial. Plaintiff's counsel had a private phone conversation with Defendants' counsel Jose Zelidon-Zepeda today describing in limited detail the cause of the continuance.

Defendant's counsel did not indicate their stance had changed but requested Plaintiff's counsel to request the Court to issue a ruling as soon as possible.

## II. LEGAL ANALYSIS

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry focuses primarily on the diligence of the party seeking modification, not on prejudice. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff's counsel had no control over his wife's condition. He informed the Court and parties that the condition may develop into a situation that requires continuance at the pretrial conference which no one objected to. Since then, as described in Plaintiff's counsel's declaration, his wife's medical condition has made it likely that his daughter will need to be delivered the week of trial. Even so, Plaintiff's counsel attempted to make arrangements in the event that there was a medical emergency but learned as of this weekend that it was impossible. Therefore, Plaintiff's counsel either has to risk the health of his pregnant wife and unborn daughter, or proceed to trial.

As such, there is good cause to continue the trial.

Defendants have argued they are prejudiced because they have spent time preparing for trial and arranging for witnesses. Plaintiff's counsels understands that the time counsels spent was significant but moving the trial will allow their preparation to be meaningful. Moreover, the good cause to move the trial outweighs the prejudice because, quite frankly, life is more valuable than time and money. Plaintiff's counsel cannot, and will not, risk the life of his family because of money or time. As demonstrated in the confidential declaration he has made every effort to proceed but at this point can no longer attend this trial.

Defendants have also argued that Plaintiff knew of the due date of his child and should have moved to continue the trial sooner. As described in Plaintiff's counsel declaration, he cannot control his wife's medical condition or pregnancy. Due to recent developments of his wife's

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St, Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

condition, he moved promptly to make arrangement to try the case which failed. Therefore, Plaintiff's counsel moved to continue trial in a timely manner.

III. CONCLUSION

For all of the aforementioned reasons, there is GOOD CAUSE to continue the trial to a later date.

Dated: November 10, 2026

Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: *<u>/s/ Patrick Buelna</u>*
PATRICK BUELNA
Attorney for Plaintiff