DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
LISA E. GIARRATANO, State Bar #346002
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Telephone: (415) 554-3813 [Giarratano]
Telephone: (415) 554-4256 [Bearman]
Facsimile: (415) 554-3837
E-Mail: jose.zelidon-zepeda@sfcityatty.org
E-Mail: lisa.giarratano@sfcityatty.org
E-Mail: kate.bearman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASTEL NAVARRO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER JEFFREY LUBEY, IN HIS INDIVIDUAL CAPACITY AS A LAW ENFORCEMENT OFFICER FOR THE SAN FRANCISCO POLICE DEPARTMENT; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 23-cv-02402 SK (PHK)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO VACATE TRIAL DATE; SUPPORTING DECLARATION**<br><br>Trial Date: November 17, 2026 |

**INTRODUCTION**

One week before a trial date scheduled almost one year ago, Plaintiff's counsel Mr. Patrick Buelna seeks to vacate the trial date. Counsel states that personal medical issues warrant this. Defendants are sympathetic to those concerns. At the same time, Defendants object to the issue being

raised at this late juncture, and note that Mr. Buelna has not explained why another attorney in his firm cannot try this case. Given the circumstances involved, Defendants do not object if the Court is inclined to grant a limited extension of the trial date.

## DISCUSSION

### I. Plaintiff's Counsel Did Not Raise an Issue Regarding the Trial Date Until Yesterday.

Initially, Defendants object to the belated nature of Plaintiff's Motion. The trial date was set almost a year ago, (ECF No. 72), and the parties met and conferred in mid-September regarding trial issues. And, on October 16, 2026, the Court held a pretrial conference. Mr. Buelna did not raise any issues regarding the trial date. (Decl. J. Zelidon-Zepeda Supp. Defs.' Resp. to Pl.'s Motion to Vacate Trial Date ¶¶ 2-3.) And though the parties conferred regarding the Joint Pretrial Statement and any relevant issues, Mr. Buelna did not mention any concern with the trial date. (ECF No. 92.)

Plaintiff's motion states that he raised the personal medical issue to Defendants' counsel and the Court, which is inaccurate. (ECF No. 120 at 1-2.) Plaintiff's counsel stated in pretrial meet-and-confer sessions that his wife was expecting, and that the due date was around Thanksgiving. (Decl. J. Zelidon-Zepeda Supp. Defs.' Resp. to Pl.'s Motion to Vacate Trial Date ¶¶ 2-3.) Similarly, at the pretrial conference, Plaintiff's counsel again mentioned that his wife was expecting but did not state that a trial continuance might be necessary. (*Id.*) Indeed, if Plaintiff's counsel had raised the issue during pretrial filings, the parties would have been better positioned to address that issue at an earlier juncture.

### II. Plaintiff Has Not Explained Why Another Attorney at His Firm Cannot Try this Case, and a Continuance Will Prejudice Defendants.

Defendants also note that Plaintiff's counsel has not indicated why another attorney at his firm cannot try this case. In this regard, it is notable that Mr. Buelna did not take or defend most of the depositions in this case. (Decl. J. Zelidon-Zepeda Supp. Defs.' Resp. to Pl.'s Motion to Vacate Trial Date ¶ 4.) Throughout this case, multiple attorneys have appeared on behalf of Plaintiff. Two attorneys from Mr. Buelna's office—Marlon L. Monroe and Lateef H. Gray—took and defended numerous depositions in this case, including that of Plaintiff, Defendant Officer Lubey, Officer

Horton, expert Jeffrey Martin, and expert Natalie Jones. Mr. Buelna's partner, Adante D. Pointer, defended the deposition of expert Dr. Glen Andrew Haas. (*Id.*) Mr. Monroe and Mr. Gray propounded and responded to written discovery. Mr. Monroe and Mr. Gray—but not Mr. Buelna—attended the most recent settlement conference in March 2026. Mr. Monroe, Mr. Gray, and Mr. Pointer have not withdrawn their appearances in this matter. (*Id.*)

Further, Defendants are severely prejudiced by a continuation of trial at this late juncture. (Decl. J. Zelidon-Zepeda Supp. Defs.' Resp. to Pl.'s Motion to Vacate Trial Date ¶¶ 6-9.) Since the pretrial conference and in order for Defendants to prepare for trial:

a. Eight witnesses (some of whom are not employed by the City) have taken time out of their schedules to meet with the City's team to prepare for trial.

b. Multiple witnesses have arranged their schedules to enable them to be on call to testify at trial during the entire week of November 17. Some of those witnesses have also arranged their schedules to enable them to be on call to testify the first week of trial.

c. Multiple witnesses have made travel arrangements to testify at trial, including some who are traveling from out of state and some who were required to arrange time off from work and other responsibilities to do so.

d. The City has served and/or attempted to serve trial subpoenas on six third-party witnesses, at significant expense.

e. The City's attorneys and staff have collectively spent more than 185 hours preparing for trial.

**III. In Light of the Circumstances, Defendants Do Not Object If the Court Is Inclined to Grant a Limited Continuance of Trial.**

Defendants are mindful and sensitive to the issues raised by Mr. Buelna, issues that could have and should have been raised earlier. Nevertheless, in light of the sensitivity of these issues, if another attorney cannot try this case for Plaintiff and the Court is inclined to grant Plaintiff's request, Defendants defer to the Court.

## CONCLUSION

Defendants object to Plaintiff's counsel's request to move the trial date at this late juncture, to the detriment of Defendants and their witnesses. But if the Court is inclined to grant relief, Defendants do not object to a limited extension of time, subject to the availability of Defendants, their witnesses, and their counsel.

Dated: November 10, 2026

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
JOSE A. ZELIDON-ZEPEDA
LISA E. GIARRATANO
KATHERINE B. BEARMAN
Deputy City Attorneys

By: *\/s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JEFFREY LUBEY

## SUPPORTING DECLARATION OF COUNSEL

I, Jose A. Zelidon-Zepeda, declare as follows:

1. I am a Deputy City Attorney for the City and County of San Francisco, assigned as co-counsel for Defendants in this matter. I have personal knowledge of the facts stated below, and, if called, would so testify. I submit this Declaration in Support of Defendants' Response to Plaintiff's Emergency Motion for Continuance of Trial.

2. Along with my co-counsel Kate Bearman and Lisa Giarratano, I attended the pretrial conference in this case on October 16, 2026. At the pretrial conference, Mr. Buelna informed the Court and the parties that his wife was pregnant, and her due date was close to—but after—trial. Mr. Buelna did not inform the Court or Defendants that this could create an issue with the trial date.

3. As the Court's Standing Order requires, the parties met and conferred regarding pretrial matters in mid-September. During this call, Mr. Buelna mentioned that his wife was pregnant. Mr. Buelna did not state that this would cause any conflict or issue with the trial date. Nor did he seek to confer about potentially moving the trial date. Similarly, in conferring regarding the required Joint Pretrial Conference Statement, Mr. Buelna did not indicate that any issues regarding the trial date had arisen.

4. Throughout this case, multiple attorneys have appeared on behalf of Plaintiff. Two attorneys from Mr. Buelna's office—Marlon L. Monroe and Lateef H. Gray—took and defended numerous depositions in this case, including that of Plaintiff, Defendant Officer Lubey, Officer Horton, expert Jeffrey Martin, and expert Natalie Jones. Mr. Buelna's partner, Adante D. Pointer, defended the deposition of expert Dr. Glen Andrew Haas. Mr. Monroe and Mr. Gray propounded and responded to written discovery. Mr. Monroe and Mr. Gray—but not Mr. Buelna—attended the most recent settlement conference in March 2026. Mr. Monroe, Mr. Gray, and Mr. Pointer have not withdrawn their appearances in this matter.

5. When Mr. Buelna raised the issue of his wife's pregnancy at the pretrial conference, Defendants were under the impression that Mr. Buelna would have co-trial counsel, such that any issue with his wife's pregnancy would not require taking the entire trial off calendar.

6. Since the pretrial conference, 8 witnesses (some of whom are not employed by the City) have taken time out of their schedules to meet with the City's team to prepare for trial.

7. Since the pretrial conference, 8 witnesses have arranged their schedules to enable them to be on call to testify at trial during the entire week of November 17. Some of those witnesses have also arranged their schedules to enable them to be on call to testify on November 24. One of those witnesses has arranged to travel from Sacramento, and another has arranged to travel from Montana. Defendant Lubey has also already arranged to travel from out of state for trial.

8. After the pretrial conference, the City has served and/or attempted to serve trial subpoenas on 6 third-party witnesses.

9. Since the pretrial conference, the City's attorneys and staff have collectively spent more than 185 hours preparing for trial.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed the 10th day of November, 2026, in San Francisco, California.

*/s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy City Attorney